UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE ASSETS
TRUST 2006-3, MORTGAGE BACKED
PASS-THROUGH CERTIFICATES SERIES
2006-3,

      Plaintiff,

v.

KATHERINE L. CAITO,

      Defendant,

v.

INTERNAL REVENUE SERVICE,

      Interested Party.

C.A. No. 1:18-cv-00427-JJM

# FIRST AMENDED VERIFIED COMPLAINT
# FOR JUDICIAL FORECLOSURE

## I. INTRODUCTION

Plaintiff, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 ("Citibank, as Trustee"), brings this First Amended Complaint as a matter of course to foreclose a mortgage that Defendant, Katherine L. Caito ("Defendant") granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Brokers Conduit and American Brokers Conduit's successors and assigns (the "Mortgage"). The Mortgage was executed June 6, 2006, recorded in the Land Evidence Records for the Town of Westerly on June 12, 2006 at Book 1541, Page 252 (the "Mortgage"), and encumbers the property located at 16 Yosemite Valley Road, Westerly,

Rhode Island (the "Property"). Defendant defaulted on her obligations under the terms of the Mortgage and the promissory note it secures and has failed to cure that default as of the filing of this First Amended Complaint. Pursuant to R.I. Gen. Laws § 34-27-1, Citibank, as Trustee, seeks entry of judgment from this Court to foreclose on the Mortgage by holding a public auction and sale of the Property.

## II. PARTIES

1. Plaintiff, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3, is a corporation organized under the laws of the State of New York.

2. On information and belief, Defendant, Katherine L. Caito, is an individual and resident of the State of Rhode Island.

3. On information and belief, Interested Party, Internal Revenue Service, is a government agency with a last known usual place of business at 380 Westminster Street, Providence, Rhode Island.

## III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action in accordance with 28 U.S.C. § 1332 because the parties to this suit are diverse and because both the mortgage loan debt and the value of the property exceed $75,000.00, exclusive of interest and costs.

5. Citibank, as Trustee's claims for judicial foreclosure and declaratory judgment are appropriate in this District pursuant to 28 U.S.C. § 1391(b) as the Property and the events at issue that result in foreclosure are located and/or occurred in this District.

6. The subject Property is located at 16 Yosemite Valley Road, Westerly, Rhode Island.

## IV. **FACTUAL ALLEGATIONS**

7. Citibank, as Trustee adopts and restates the allegations in Paragraphs 1 through 6 of its First Amended Complaint.

8. On June 6, 2006, Defendant executed a promissory note (the "Note") through which she promised to repay, with interest, the principal sum of $4,500,000.00 to American Brokers Conduit. (Note, *Exhibit A*.)

9. To secure her repayment obligations under the Note, Petitioner mortgaged, granted and conveyed the Property via the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Brokers Conduit and American Brokers Conduit's successors and assigns. (Mortgage, *Exhibit B*.) The Mortgage was recorded in the Land Evidence Records for the Town of Westerly on June 12, 2006 at Book 1541, Page 252

10. On August 27, 2012, MERS, as nominee, assigned its interest in the Mortgage to Citibank, as Trustee, via an Assignment of Mortgage or Deed of Trust (the "Assignment"). (Assignment, *Exhibit C*.) The Assignment was recorded in the Land Evidence Records for the Town of Westerly on October 9, 2012 at Book 1932, Page 724. (Mortgage Assignment, *Exhibit C*.)

11. The Mortgage provides that its covenants and agreements shall bind and benefit the successors and assigns of American Brokers Conduit. (Mortgage, *Exhibit B*, at ¶ 13.)

12. In or about October 2012, Defendant defaulted on her repayment obligations under the Note and the Mortgage.

13. On May 11, 2018, Citibank, as Trustee, through its mortgage loan servicer, Ocwen Loan Servicing, LLC ("Ocwen"), issued a notice of default to the Borrower on May 11,

302381117v2 1010069

2018 under the terms and in compliance with the Mortgage, including but not limited to, Paragraph 22. (Notice of Default, *Exhibit D*.)

14. As of the date of commencement of this action, Defendant has not reinstated the Mortgage as provided under the terms of the Mortgage, including Paragraph 19. (Mortgage, *Exhibit B*.)

15. The amount Defendant must pay in order to cure the default under the Note and Mortgage and to reinstate the loan as of May 11, 2018 is $ 2,201,915.26, exclusive of attorney fees and costs incurred in bringing the instant action.

16. As of the date of commencement of this action, Defendant has not cured the default in response to the May 11, 2018 notice.

17. Since the May 11, 2018 notice of default was mailed to Defendant, more than thirty days have passed, and specifically, the June 17, 2018 deadline for Defendant to cure her default has expired.

18. Defendant's total indebtedness under the terms of the Note and Mortgage through July 20, 2018 is $5,998,086.95 (Payoff Quote, *Exhibit E*.)

19. In addition, in accordance with Paragraphs 9, 14 and 22 of the Mortgage, Citibank, as Trustee is entitled to a full recovery of all attorney's fees, expenses and costs incurred in defending and protecting its interest in the Property, protecting its rights under the Mortgage, and collecting all expenses incurred in pursuing the remedies provided in Paragraph 22, including but not limited, the reasonable attorneys' fees and costs with respect to this judicial foreclosure action.

20. The Internal Revenue Service is, upon information and belief, a junior lienholder of a Federal Tax Lien issued against Defendant on April 29, 2014 and recorded in the Property's

4

302381117v2 1010069

chain of title on May 5, 2014 in the Land Evidence Records for the Town of Westerly at Book 2014, Page 7454.

## COUNT I – JUDICIAL FORECLOSURE

21. Citibank, as Trustee incorporates by reference its responses to Paragraphs 1 through 20 of the First Amended Complaint.

22. Defendant has failed to pay the required principal and interest payments on the debt evidenced by the Note and secured by the Mortgage.

23. Defendant has failed to cure her default at any time following the notice of default issued in strict compliance with Paragraph 22 of the Mortgage.

24. Defendant's default on the Note breached the uniform covenants of the Mortgage, which permits Citibank, as Trustee to thereafter accelerate the loan to maturity and demand full repayment.

25. Under the terms of Paragraph 22 of the Mortgage, following acceleration, Citibank, as Trustee is contractually permitted to foreclose Defendant's right to redeem the Property.

WHEREFORE, Citibank, as Trustee requests the following relief:

25. An order from the Court accelerating the mortgage loan debt in accordance with the terms of Paragraphs 19 and 22 of the Mortgage;

26. An order from the Court authorizing Citibank, as Trustee to notice and conduct a foreclosure sale of the Property under Court oversight;

27. An order and judgment of this Court foreclosing the Mortgage and Defendant Katherine L. Caito's right of redemption;

302381117v2 1010069

28. An award of attorney's fees, costs, and expenses in pursuit of foreclosure and in accordance with the terms of the Mortgage; and

29. Such other and further equitable relief as the Court deems may be required.

Respectfully submitted,

CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3,

By Its Attorneys,

*/s/ Ethan Z. Tieger*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
321 South Main Street, Suite 301
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: September 4, 2018

## VERIFICATION

I, Crystal Kearse, the duly-authorized representative of the current holder of the subject mortgage, hereby certify that I have read the foregoing First Amended Verified Complaint for Judicial Foreclosure and know the contents thereof and the allegations contained in the First Amended Verified Complaint for Judicial Foreclosure are true and correct based on my knowledge and information.

_____
Name

Crystal Kearse
Senior Loan Analyst
_____
Title

STATE OF FLORIDA
COUNTY OF DUVAL

In Jacksonville, Florida, on the 31ST day of August 2018, before me personally appeared the above named Crystal Kearse, to me known and known by me to be the Senior Loan Analyst for Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicer, servicer for Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3; and she/he acknowledged said instrument, by her/him executed, to be her/his free act and deed in said capacity and the free act and deed of Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3.

[Notary Seal] 

CHRISTINA RIDDER
Notary Public - State of Florida
Commission # GG 074395
My Comm. Expires Feb 24, 2021
Bonded through National Notary Assn.

_____
Notary Public

My commission expires: _____