**UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3,<br><br>      Plaintiff,<br><br>v.<br><br>KATHERINE L. CAITO,<br><br>      Defendant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>      Interested Party. | C.A. No. 1:18-cv-00427-JJM |

**PLAINTIFF CITIBANK, N.A., AS TRUSTEE'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to DRI LR 56(a), Plaintiff, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 ("Citibank, as Trustee"), submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment on Count I of its First Amended Verified Complaint for Judicial Foreclosure:

1.    Defendant, Katherine L. Caito ("Defendant") executed a promissory note on June 6, 2006 (the "Note"), in which she promised to repay a loan of $4,500,000.00, with interest, to American Brokers Conduit in full no later than July 1, 2036. (Pl.'s Am. Compl., Ex. A; Aff. of

Sony Prudent of Ocwen Loan Servicing LLC in Supp. of Pl.'s Mot. for Summ. J., May 15, 2019, ¶ 4 ["Ocwen Aff."]).

2. In order to secure Defendant's payment under the Note, Defendant granted a mortgage on property located at 16 Yosemite Valley Road, Westerly, Rhode Island (the "Property") on the same day in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Brokers Conduit and American Brokers Conduit's successors and assigns (the "Mortgage"), which was recorded in the Land Evidence Records for the Town of Westerly on June 12, 2006 at Book 1541, Page 252. (Pl.'s Am. Compl., Ex. B; Ocwen Aff. ¶ 4.)

3. The Mortgage identified American Brokers Conduit as "Lender" and permitted Lender to accelerate the loan upon Defendant's default and to "invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law." (Pl.'s Am. Compl., Ex. B at 3, 14.) The Mortgage further provides that its covenants and agreements bind and benefit Lender's successors and assigns. (*Id.*, Ex. B at 11.)

4. MERS, as nominee for American Brokers Conduit, assigned its interest in the Mortgage to Citibank, as Trustee by an assignment executed on August 27, 2012 and recorded on October 9, 2012 in the Land Evidence Records for the Town of Westerly at Book 1932, Page 724 (the "Assignment"). (Pl.'s Am. Compl., Ex. C; Ocwen Aff. ¶ 6.)

5. The Assignment assigned, transferred, conveyed MERS' legal right, title, and interest in the Mortgage to Citibank, as Trustee. (Pl.'s Am. Compl., Ex. C; Ocwen Aff. ¶ 6.)

6. In May of 2012, Defendant failed to make her required monthly principal and interest payments to Lender as required under the terms and conditions of the Note and the Mortgage. (Ocwen Aff. ¶ 5; Pl.'s Am. Compl. Ex. E at 2.)

7. Defendant previously commenced several civil actions against Citibank, as Trustee and other entities challenging Citibank, as Trustee's authority to foreclose on the Mortgage. To resolve this prior litigation, Defendant and Citibank, as Trustee entered into a Confidential Settlement and Release Agreement[1] in September 2016. In addition to a release of all known and unknown claims by Defendant as to Citibank, as Trustee, the Confidential Settlement and Release Agreement provided:

> **Acknowledgment of Debt:** Borrower [i.e. Defendant] acknowledges and confirms that the Investor [i.e. Citibank, as Trustee] is the current mortgagee and Note holder, and that certain debt incurred by her on the June 6, 2006 note to American Brokers Conduit is owed to Investor. Borrower acknowledges the validity of the Assignment of Mortgage from American Brokers Conduit to Investor and the validity of the debt to the Investor, and hereby waives here right to challenge the validity of the Assignment and debt.

(Ocwen Aff. ¶ 7.)

8. Paragraph 22 of the Mortgage requires certain disclosures prior to acceleration and foreclosure:

> "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to the cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default or on before the date specified in the notice may result in acceleration of the sums secured by the this Security Instrument and the sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

(Pl.'s Am. Compl., Ex. D at 14.)

9. On May 11, 2018, Ocwen Loan Servicing, LLC ("Ocwen"), on behalf of Citibank, as Trustee and in its capacity as mortgage loan servicer, mailed a notice of default and right to cure to Defendant at the Property address. (Pl.'s Am. Compl., Ex. D; Ocwen Aff. ¶ 8.)

---

[1] To preserve confidentiality, a copy of this Confidential Settlement and Release Agreement will be provided to the Court for an *in camera* review if requested.

10. The May 11, 2018 notice of default issued to Defendant provided the following disclosures:

    a. Defendant was in default on the Mortgage;

    b. The action required to cure the default by making a "payment for the entire total amount past due" of $2,201,915.26;

    c. A date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured, which was June 17, 2018;

    d. "Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the Security Instrument and sale of the Property;" and

    e. Defendant "has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale."

(Pl.'s Am. Compl., Ex. D at 2.)

11. Defendant failed to cure her default on the Mortgage by June 17, 2018, or at any point thereafter prior to the initiation of this judicial foreclosure action. (Pl.'s Am. Compl. ¶¶ 14-17; Ocwen Aff. ¶ 9.) As of the filing of this Motion for Summary Judgment, Defendant has not reinstated the Mortgage. (Ocwen Aff. ¶ 9.)

12. As of May 14, 2019, Defendant owes approximately $4,622,474.40 in principal, $1,350,958.95 in interest, and $210,438.82 in escrow payments on the Note and Mortgage. (Ocwen Aff. ¶ 10.) Additionally, certain costs, fees and expenses have been incurred on Defendant's mortgage loan since her default in accordance with the terms and conditions of the Note and Mortgage. (*Id.* ¶ 11, Ex. A at 1-2.)

Respectfully submitted,

CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3,

By Its Attorneys,

*/s/ Ethan Z. Tieger*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: May 15, 2019

**CERTIFICATE OF SERVICE**

I, Ethan Z. Tieger, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on May 15, 2019.

*/s/ Ethan Z. Tieger*
Ethan Z. Tieger

302966140v2 1010069