UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CITIBANK, N.A AS TRUSTEE FOR AMERICAN HOME
MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-
THROUGH CERTIFICATES SERIES 2006-3

VS                               C.A. NO:1:18-cv-427-JJM

KATHERINE L. CAITO
INTERNAL REVENUE SERVICE

AFFIDAVIT OF KATHERINE CAITO

I, Katherine Caito, hereby declare and state as follows:

1. I am the defendant in this case.

2. Since I obtained this mortgage loan, I have never sent or provided any lender or mortgagee or loan servicer a mortgage payment check with insufficient funds to pay the mortgage, which was returned unpaid.

3. I was never advised by any lender or mortgagee or loan servicer that a check had been returned for nonpayment and that as a result all payments had to be paid by (a) cash;(b) money order;(c) certified check, bank check, treasurer's check, provided any such check is drawn upon and institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

4. The letter from Ocwen Loan Servicing, LLC dated May 11, 2018 contained

1

inaccurate amounts of fees and charges in the amount of $6086.49.

5. The affidavit for Summary Judgment contains a purported affidavit of a person named Sony Prudent, which contains an Exhibit A.

6. This Exhibit A contains a purported loan history, which suggests that as of May 11, 2018, the total of fees and expenses was $6086.49. Exhibit A indicates that after May 11, 2018, ten charges of $14.50 each were added to the charges.

7. I have reviewed Exhibit A and can state with certainty that certain of these charges are not accurate or were not actually incurred and were not reasonable and necessary.

8. From origination of the mortgage loan, I never received a default letter from any loan servicer which provided me a specific date to cure any default and which was deposited in the United States mail at least thirty days before the date which was specified for the cure date.

9. I never received a default notice consistent with the terms of paragraph 22 or paragraph 19 of the mortgage.

10. Thus all the charges for foreclosure and foreclosure related charges were not accurate charges contained within the $6086.49 fees and expenses of the May 11, 2018 letter. These charges which resulted in the $6086.49 being inaccurate were the following:

| 11-14-16 | FC thru Judgment | $556.25 |
| 4-1-16 | Selling Office/Sheriff Cancel fee | $425.00 |
| 3-8-16 | Sale Publication | $1203.76 |
| 2-22-16 | Selling Officer/Sheriff Cancel Fee | $425.00 |
| 2-1-16 | FC Thru complaint | $125.00 |
| 2-1-16 | Selling Officer/Sheriff Cancel Fee | $425.00 |
| 2-1-16 | Sale Publication | $714.88 |
| 7-23-13 | FC thru Title search | $520.00 |

11. These total fees totaled $4394.90.

12. I never received a default letter pursuant to the terms of the mortgage which would have allowed any exercise of the statutory power of sale.

13. At no time was a sheriff ever hired to sell my home.

14. At no time was there a Selling Officer or any other official hired to sell my home.

15. At no time was a judicial foreclosure commenced in 2013-2016, which could result in a Judgment being entered.

16. The purported default letter included three fees for service of process, specifically the following:

| 5-8-15 | Service of process | $22.10 |

3

2-7-18          Service of Process           $10.84

2-22-16         Service of Process           $56.54

17. The purported default letter also included a fee for additional hour court appearance of $50.00 on 2-22-16.

18. There was no Court appearance for an attorney to be paid an extra hourly fee on February 22, 2016 and where there was never any servicer of process on me.

19. I was never served process by Ocwen or any other entity.

20. The purported default letter included three skip trace fees, specifically the following:

5-8-18          Skip Trace fee               $5.46

2-22-16         Skip Trace fee               $5.30

7-23-13         Skip Trace fee               $5.30

21. However I have always lived at my home at 16 Yosesmite Valley Road, Westerly, RI, 02891 and there was no reason to search for my address, as Ocwen knew that I was living in the house.

22. The total fees of $6086.49 also included property inspection fees for the period from April, 2013 to May 2018 in the amount of $458.74 for 37 separate charges.

23. At all times Ocwen was aware that I was living in the property and that I had

4

an attorney. I paid the taxes for the property from 2016 through 2018.

24. Ocwen knew that the property was not abandoned.

25. At no time did any person come into my house to inspect the condition of the house.

26. Ocwen's compute system automatically orders property inspection fees when a loan is in arrears.

27. As a result of improper charges referenced herein, the purported default notice contains inaccurate charges included in the $6086.49 charges for fees and expenses.

28. Thus I was not provided an accurate default letter pursuant to the terms of the mortgage.

29. After May 11, 2018, I was never mailed a Notice of Acceleration of the mortgage loan from Ocwen, Citibank or any person or entity acting on their behalf.

30. I have, through my attorney, mailed Ocwen Requests for Information which requested verification that these charges were actually paid by Ocwen.

31. No proof of payment was ever provided regarding these charges.

I declare under the pain and penalty of perjury that the foregoing is true and correct.

May 15, 2019

*Katherine Caito*

KATHERINE CAITO