UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CITIBANK, N.A AS TRUSTEE FOR AMERICAN HOME
MORTGAGE ASSETS
TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-3

        VS        C.A. NO:1:18-cv-427-JJM

KATHERINE L. CAITO
INTERNAL REVENUE SERVICE

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, by her attorney, pursuant to DRI LR56(a) sugbmits the following Statement of Undisputed facts in support of her Motion for Summary Judgment

1. Paragraph 22 of Defendant's mortgage states in part:

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of**

**the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.**

    2.      Lender did not provide such a notice.(Pl's Exhibit D)

    3.      The notice provided to Defendant made no reference to the Lender nor Citibank as Trustee. (Pl's Exhibit D)

    4.      The May 11, 2018 notice did not accurately state the amount of the arrearage on the mortgage. (Pl's Exhibit 1) Defendant's affidavit in support of Motion for Summary Judgment.

    5.      The May 11, 2018 notice did not advise the Defendant that she could reinstate after acceleration only until five days before the sale. (Pl's Exhibit D).

    6.      The May 11, 2018 notice did not specify a particular date at least thirty days after the date the notice was deposited in the United States mail to cure the arrearage. (Pl's Exhibit D).

    7.      The May 11, 2018 notice required that the arrearage be paid by certified funds. (Pl's Exhibit D).

8. The mortgage did not require that any arrearage be paid by certified funds. (Pl's Exhibit B).

9. The Defendant has have never sent or provided any lender or mortgagee or loan servicer a mortgage payment check with insufficient funds to pay the mortgage, which was returned unpaid. (Defendant's Affidavit)

10. The Defendant was never advised by any lender or mortgagee or loan servicer that a check had been returned for nonpayment and that as a result all payments had to be paid by (a) cash;(b) money order;(c) certified check, bank check, treasurer's check, provided any such check is drawn upon and institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer. (Defendant's Affidavit).

                        KATHERINE L. CAITO

                        By her Attorney

May 15, 2019

                        /s/ John B. Ennis
                        John B. Ennis, Esq. #2135
                        1200 Reservoir Avenue
                        Cranston, RI 02920
                        401-943-9230
                        Jbelaw75@gmail.com

## CERTIFICATION

      I hereby certify that I emailed a copy of the above Statement of Undisputed Facts to the following electronically on this 15th day of May, 2019:


Samuel Bodurtha
Ethan Z. Tieger


                                                        /s/ John B. Ennis