# EXHIBIT B

d in Washington County Superior Court
omitted: 2/9/2016 8:04:12 AM
/elope: 497069
/iewer: Elizabeth McQueeney

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON, SC

KATHERINE L. CAITO

VS.                                      C.A. NO.: WC-2016-

ONE LOT OF REAL ESTATE
REFERENCED AS PLAT: 3 LOT: 2419
OF WESTERLY TAX ASSESSOR
LOCATED AT 16 YOSEMITE VALLEY
ROAD, WESTERLY, RHODE ISLAND

## PETITION FOR THE APPOINTMENT OF A RECEIVER

Petitioner, Katherine L. Caito, (hereinafter referred to as the "Petitioner")

hereby Petitions this Court for the Appointment of a Temporary and Permanent

Receiver over the assets and affairs of One Lot of Real Estate Referenced as Plat 3

Lot 2419 of the Westerly Tax Assessor, Located at 16 Yosemite Valley Road,

Westerly, Rhode Island, (hereinafter referred to as the "Property").

In support thereof, the Petitioner respectfully represents to the Court as

follows:

1.     Katherine L. Caito, the Petitioner, is an individual residing at the

Property and is the owner of the Property.

2.     One Lot of Real Estate, referenced as Plat: 3 Lot: 2419 of the

Westerly Tax Assessor located at 16 Yosemite Valley Road, Westerly, Rhode

1

d in Washington County Superior Court
omitted: 2/9/2016 8:04: 12 AM
/elope: 497069
/iewer: Elizabeth McQueeney

Island is the real estate owned by the Petitioner.

3.     On or about June 6, 2006, Katherine L. Caito delivered a note payable to American Brokers Conduit in the amount of $4,500,000.00 (the "Note"). On even date, the Petitioner also executed a mortgage covering the Property (the "Mortgage").   The loan servicer for the Mortgage is Ocwen Loan Servicing, LLC. ("Ocwen").    Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3 claims to be the owner of the Mortgage.

4.     Katherine L. Caito is delinquent on the Mortgage payment.

5.     Ocwen on behalf of the alleged owner of the Mortgage, has made demand upon the Petitioner for the full payment of all sums past due under the Note, and has accelerated the Note, with the Petitioner unable to make said payment.  As a result Ocwen has commenced the foreclosure process on the Mortgage as to the Property.

6.     The Property is scheduled for foreclosure sale on February 11, 2016. The Petitioner has listed the Property for sale with a realtor with the knowledge of Ocwen. However the foreclosure advertisements have caused the Property to be considered a distress sale, with the result that there are no purchasers.

7.     The Property has an appraised value of at least $9,400,000.00 as

2

ed in Washington County Superior Court
mitted: 2/9/2016 6:04:12 AM
elope: 497069
iewer: Elizabeth McQueeney

determined by an appraisal of Peter Scotti of Scotti & Associates earlier this week.

8. The obligation of the Mortgage has been determined by Ocwen to be $5,446,739.03. The Petitioner disputes this amount based on the recently appraised value of the Property.

9. As a result there is more than $3,800,000.00 of equity in the Property available to the Petitioner, which will be taken from the Petitioner if this foreclosure sale of the Property occurs.

10. Despite repeated requests by the Petitioner, Ocwen will not agree to give the Petitioner sufficient time to sell the Property. There continues to be a danger of dissipation and depreciation of the Property as a result of such actions by Ocwen.

11. Ocwen has demanded that the Petitioner agree to allow a foreclosure of the Mortgage if the Property is not sold in six months. When Petitioner refused to agree to these terms it scheduled the advertisement, which has resulted in the inability of the Property to be sold at any price beyond a distress sale value.

12. Accordingly, absent the appointment of a Receiver over the Property, there is danger of dissipation and depreciation of the value and equity of the Property and therefore, it is imperative that this Court appoint a Receiver over the

3

Property forthwith.  Absent such appointment, this Court will be unable to protect the assets of the Property for the benefit of its creditors and the equity interest of the Petitioner.  The appointment of a Receiver shall preserve the interest of such creditors of the Property  and prevent any further diminution of value of this asset and its corresponding equity value.  Therefore, it is necessary that a Receiver be appointed at this time.

13.    In the opinion of the Petitioner, such appointment of a Receiver would be in the best interest of all parties and all creditors and ensure that the Receiver oversees any sale of the Property for the benefit of the creditors and the equity interest of the Petitioner.

14.    This Petition is made in good faith and for the protection of the Property and for the benefit of its creditors and the equity interest of Petitioner.  The appointment of a Temporary Receiver is most desirable to protect the *status quo* of the Property, pending a hearing on the appointment of a Permanent Receiver.

16.    Attached hereto as Schedule A is a list of all known creditors of the Property at the time of the filing of this Petition.

WHEREFORE, the Petitioner respectfully prays that this Honorable Court (1) appoint a Temporary Receiver forthwith and also a Permanent Receiver to take

4

charge of the Property of ; (2) that said Temporary Receiver and Permanent

Receiver be authorized to continue to operate the Property and market it for sale at

a reasonable price commensurate with its market value; and (3) that the Petitioner

have such other relief as this Court shall deem necessary and proper.

_____
KATHERINE L. CAITO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

On this 4th day of February, 2016, in said County of Providence, State of
Rhode Island, did appear Katherine L. Caito, to me known and known by me to be
the person executing the foregoing instrument, and being duly sworn and deposed,
under penalties of perjury, did she affix her seal to this affidavit of her free and
voluntary will.

_____
Notary Public: John B Ennis
My Commission Expires: 1-26-17

5

d in Washington County Superior Court
omitted: 2/9/2016 09:4:12 AM CASE 18-CV-00427-JJM-LDA   Document 36-2   Filed 07/15/19   Page 7 of 8 PageID #: 604
elope: 497069
iewer: Elizabeth McQueeney

## CERTIFICATE OF ATTORNEY

I, the undersigned attorney for the Petitioner, certify that this Petition is made in good faith and for the protection of 16 Yosemite Valley Road, and for the benefit of creditors, and that the appointment of a Temporary Receiver is desirable to protect the *status quo* pending final hearing for the appointment of a Permanent Receiver.

February 9, 2016

/s/ John B. Ennis
JOHN B. ENNIS, ESQ.
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230 – office
(401) 679-0035 – fax
jbelaw@aol.com

## CERTIFICATION

I hereby certify that a true and correct copy of the within was served via regular mail upon the parties that are referenced in the attached Schedule A on the 9th day of February, 2016.

/s/ John B. Ennis

6

d in Washington County Superior Court
mitted: 2/9/2018 03:42:12 AM
elope: 497069
iewer: Elizabeth McQueeney

## SCHEDULE A

Ocwen Loan Servicing, LLC
Attn: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

Citibank, N.A. as Trustee
399 Park Avenue
New York, NY 10043

Westerly Tax Collector
Town Hall
45 Broad St,
Westerly, RI 02891

Watch Hill Fire District
222 Watch Hill Road
Westerly, RI, 02891-5019

Internal Revenue Service
380 Westminster Street
Providence, RI 02903