# EXHIBIT A-4

RECORDING REQUESTED BY
AND RETURN TO:

American Home Mortgage
520 Broadhollow Road
Melville, NY 11747
Attn.: Final Documents Dept.

A.P.N.:# Map 173 Lot 11
Loan No # 0001313784

RECEIVED FOR RECORD
WESTERLY R.I.

Oct 23,2006 at 09:16:15A

BOOK 1581 PAGE 329
DOC #: 00006909

(Space above This Line for Recorder's Use)

## MORTGAGE MODIFICATION AGREEMENT

THIS AGREEMENT made on June 6, 2006, by and between American Brokers Conduit, herein designated as the BENEFICIARY, and Katherine L Caito

herein designated as BORROWERS.

WHEREAS, BENEFICIARY is the holder of a certain Promissory Note executed by BORROWERS in the total amount of $ 4,500,000.00 dated June 6, 2006 which Note is secured by the Deed of Trust dated June 6, 2006, recorded in the Office of the County Recorder of Washington * in Book 1541 on Page 252 on 6-12-06, of Official Records of said County, legally described as follows:
      * Town of Westerly *n

As described on said Deed of Trust and referred to herein.

Which has the property address of: 16 Yosemite Valley Road
                                    Westerly  02891

NOW THEREFORE, for value received, the parties hereto do modify the above referenced Note and Deed of Trust as follows:  1. Record the correct Arm Rider that should have been recorded with original Deed of Trust.

Nothing herein contained shall in any manner whatsoever alter, amend, modify or change any other terms or conditions of the above referenced Note and Deed of Trust except as to the Modification described above, nor shall any of the rights of the BENEFICIARY thereunder be specifically prejudiced by reason of the Modification; all rights of the BENEFICIARY shall be and shall remain in full force and effect as though this Modification had been originally specified in the original Note and Deed of Trust.

Doc # 945676: Image: 945676.prn  App# 0001313784

BOOK 1581 PAGE 330

BORROWER: *[signature]*
Katherine L Caito

AMERICAN HOME MORTGAGE
By: *[signature]*
ANDREW VALENTINE
Sr. VICE PRESIDENT

BORROWER:

_____

BORROWER:

_____

BORROWER:

_____

BORROWER:

_____

BORROWER:

_____

Doc # 945677: Image: 945677.prn  App# 0001313784

BOOK 1581 PAGE 331

## NOTARY ACKNOWLEDGMENT

STATE OF Rhode Island )
COUNTY OF Providence ) SS.
            )

On this _15th_ day of _September_____, 2006, before me, the undersigned personally appeared _Antonio L. Brito_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name (s) are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity (ies), and that by their signature(s) on the instrument, the person(s) or the entity upon behalf of which the person(s) acted executed the instrument.

WITNESS my hand and official seal.

Signature _____        JOHN S. DIBONA
         (Notary's Name)                   Notary Public
                                           State of Rhode Island
                                           My Commission Expires June 21, 2009

(This area for official notarial seal)
STATE OF NEW YORK )
                  ) SS.
COUNTY OF SUFFOLK )

On      day of         , 2006, before me, the undersigned personally appeared **ANDREW VALENTINE** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity (ies), and that by his signature on the instrument, the person(s) or the entity upon behalf of which the person(s) acted executed the instrument.

WITNESS my hand and official seal.

Signature _____        **JAMES SFIROUDIS**
         (Notary's Name) James Sfiroudis   **Notary Public, State of New York**
                                           **No. 01SF6114650**
                                           **Qualified in Queens County**
                                           **Commission Expires Aug. 23, 2008**

(This area for official notarial seal)

Doc # 945678; Image: 945678.prn  App# 0001313784

BOOK 1581 PAGE 332

## ADJUSTABLE RATE RIDER

### (12-MTA Index - Payment and Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this <u>6th</u> day of <u>June, 2006</u>, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to <u>American Brokers Conduit</u>

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

<u>16 Yosemite Valley Road, Westerly, RI 02891</u>

(Property Address)

THIS RIDER CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. BECAUSE MY INTEREST RATE WILL CHANGE MORE FREQUENTLY THAN MY MONTHLY PAYMENT, AND BECAUSE THERE ARE LIMITATIONS ON MY MONTHLY PAYMENT INCREASES, THE AMOUNT OF MY MONTHLY PAYMENT MAY NOT FULLY PAY THE INTEREST THAT ACCRUES. AS A RESULT, THE PRINCIPAL AMOUNT I MUST REPAY COULD BE LARGER THAN THE AMOUNT I ORIGINALLY BORROWED, BUT NOT MORE THAN <u>125.000%</u> OF THE ORIGINAL AMOUNT (OR $ <u>5,625,000.00</u> ). MY INTEREST RATE CAN NEVER EXCEED THE LIMIT STATED IN THE NOTE AND RIDER. A BALLOON PAYMENT MAY BE DUE AT MATURITY.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

### A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

Interest will be charged on unpaid Principal until the full amount has been paid. I will pay interest at a yearly rate of <u>1.750</u> % until <u>June 30, 2006</u>, and the initial monthly payment provided for in the Note will be based on this rate. Commencing <u>July 1, 2006</u>, I will pay interest at a yearly rate of <u>7.782</u> %. Thereafter, the interest rate I will pay may change in accordance with Section 4 of the Note.

Page 1 of 5

AHM2029R(MULT) (0106)

Doc # 944735/Image: 944735.prn App# 0001313784

Section 4 of the Note provides for changes in the interest rate and monthly payment as follows: BOOK 1581 PAGE 333

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may further change on the ___1st___ day of ___August, 2006___, and on that day every month thereafter. Each such date on which my interest rate could change is called a "Change Date."

### (B) The Index

On each Change Date, my interest rate will be based on an Index. The "Index" is the Twelve-Month Average, determined as set forth below, of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H. 15)" (the "Monthly Yields"). The Twelve-Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12.

The most recent Index figure available as of the date 15 days before each Change Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Interest Rate Change

Before each Change Date, the Note Holder will calculate my new interest rate by adding ___Three and One Eighth___ ___3.125___ % ("Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-thousandth of one percentage point (0.001%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date. In the event a new Index is selected, pursuant to paragraph 4(B), a new Margin will be determined. The new Margin will be the difference between the average of the old Index for the most recent three year period which ends on the last date the Index was available plus the Margin on the last date the old Index was available and the average of the new Index for the most recent three year period which ends on that date (or if not available for such three year period, for such time as it is available). This difference will be rounded to the next higher 1/8 of 1%.

### (D) Interest Rate Limit

My interest rate will never be greater than ___9.950___ % ("Cap"), except that following any sale or transfer of the property which secures repayment of this Note after the first interest rate Change Date, the maximum interest rate will be the higher of the Cap or 5 percentage points greater than the interest rate in effect at the time of such sale or transfer.

### (E) Payment Change Dates

Effective every year commencing ___August 1st, 2007___, and on the same date each twelfth month thereafter ("Payment Change Date"), the Note Holder will determine the amount of the monthly payment that would be sufficient to repay the projected Principal balance I am expected to owe as of the Payment Change Date in full on the maturity date at the interest rate that will become effective one month prior to the Payment Change Date in substantially equal payments. The result of this calculation is the new amount of my monthly

Page 2 of 5

AHM2029R(MULT) (0106)

Doc # 944736/Image: 944736.prn   App# 0001313784

BOOK 1581 PAGE 334

payment, subject to Section 4(F) below, and I will make payments in the new amount until the next Payment Change Date unless my payments are changed earlier under Section 4(H) of the Note.

### (F) Monthly Payment Limitations

Unless Section 4(H) and 4(I) below apply, the amount of my new monthly payment, beginning with a Payment Change Date, will be limited to 7 ½% more or less than the amount I have been paying. This payment cap applies only to the principal and interest payment and does not apply to any escrow payments Lender may require under the Security Instrument.

### (G) Changes in My Unpaid Principal Due to Negative Amortization or Accelerated Amortization

Since my initial monthly payment will be based on the Initial Rate, which may be different than the Subsequent Rate, my initial monthly payment could be less or greater than the amount of the interest portion (the "Interest Portion") of the monthly principal and interest payment that would be sufficient to repay the unpaid Principal I owe in full on the maturity date in substantially equal payments. Additionally, since my payment amount changes less frequently than the interest rate and since the monthly payment is subject to the payment limitations described in Section 4(F), my monthly payment could be less or greater than the amount of the Interest Portion. For each month that the monthly payment is less than the Interest Portion, the Note Holder will subtract the monthly payment from the amount of the Interest Portion and will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the current interest rate. For each month that the monthly payment is greater than the Interest Portion, the Note Holder will apply the excess towards a principal reduction of the Note.

### (H) Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid Principal can never exceed a maximum amount equal to ___125.000%___ of the principal amount originally borrowed. In the event my unpaid Principal would otherwise exceed that ___125.000%___ limitation, I will begin paying a new monthly payment until the next Payment Change Date notwithstanding the 7 ½% annual payment increase limitation. The new monthly payment will be an amount which would be sufficient to repay my then unpaid Principal in full on the maturity date at the interest rate in effect one month prior to the payment due date in substantially equal payments.

### (I) Required Full Monthly Payment

On the ___Five___ anniversary of the due date of the first monthly payment, and on that same day every ___Five___ year thereafter, the monthly payment will be adjusted without regard to the payment cap limitation in Section 4(F).

### (J) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any questions I may have regarding the notice.

### (K) Failure to Make Adjustments

If for any reason Note Holder fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Note Holder may, upon discovery of such failure, then make the adjustment as if they had been made on time. I also agree not to hold Note Holder responsible for any damages to me which may result from Note

BOOK 1581 PAGE 335

Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Section 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser. If all or any part of the Property or any interest in the Property is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Agreement or other obligations related to the Note or other loan document is acceptable to Lender, (c) Assuming party executes Assumption Agreement acceptable to Lender at its sole choice and discretion, which Agreement may include an increase to Cap as set forth below and (d) payment of Assumption Fee if requested by Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption, and Lender may increase the maximum interest rate limit to the higher of the Cap or 5 percentage points greater than the interest rate in effect at the time of the transfer. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender has entered into a written assumption agreement with transferee and formally releases Borrower.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider. Borrower agrees to execute any document necessary to reform this Agreement to accurately reflect the terms of the Agreement between Borrower and Beneficiary or if the original Note, Trust Deed or other document is lost, mutilated or destroyed.

Page 4 of 5

AHM2029R(MULT) (0106)

Doc # 944738/Image: 944738.prn   App# 0001313784

BOOK 1581 PAGE 336

_____Katherine J Caito_____(Seal)  _____(Seal)
Katherine L Caito          -Borrower                          -Borrower

_____(Seal)  _____(Seal)
                       -Borrower                          -Borrower

_____(Seal)  _____(Seal)
                       -Borrower                          -Borrower

_____(Seal)  _____(Seal)
                       -Borrower                          -Borrower

DONNA L. GIORDANO, MMC TOWN CLERK
WESTERLY, RI RET: _____

Page 5 of 5                          AHM2029R(MULT)(0106)

Doc # 944739/Image: 944739.prn App# 0001313784