

# UNITED STATES OF AMERICA
SECURITIES AND EXCHANGE COMMISSION

# ATTESTATION

IT IS HEREBY ATTESTED THAT:

The attached Form 10-K was received in this Commission on 3/30/2007, under the name of American Home Mortgage Assets Trust 2006-3, File No. 333-131641-03, pursuant to the relevant Act(s) of the Commission.

This certified document was produced from the files of this Commission on

2/7/2019
_____
*Date*

It is hereby certified that the Secretary of the U.S. Securities and Exchange Commission, Washington, DC, which Commission was created by the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is official custodian of the records and files of said Commission and was such official custodian at the time of executing the above attestation.

For the Commission

Secretary

SEC 334 (9-12)

```
<DOCUMENT>
<TYPE>10-K
<SEQUENCE>1
<FILENAME>sec10k.txt
<DESCRIPTION>10K
<TEXT>
```

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

FORM 10-K

[X] ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES
EXCHANGE ACT OF 1934

For the fiscal year ended  December 31, 2006
                -----------------------------------------------

                                or

[] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES
EXCHANGE ACT OF 1934

For the transition period from                to
                -------------------   -------------------

Commission file number  333-131641-03
                -------------------

American Home Mortgage Assets Trust 2006-3
--------------------------------------------------------------------
(Exact name of issuing entity as specified in its charter)

American Home Mortgage Assets LLC
--------------------------------------------------------------------
(Exact name of registrant as specified in its charter)

American Home Mortgage Corp.
--------------------------------------------------------------------
(Exact name of sponsor as specified in its charter)

New York                         72-1600641
-------------------------   -----------------------------
State or other jurisdiction of       (I.R.S. Employer
incorporation or organization         Identification No.)

538 Broadhollow Road, Melville, New York          11747
--------------------------------------------------------------------
(Address of principal executive offices)          (Zip Code)

Registrant's telephone number, including area code  (516)-396-7700
                                     ----------------------

Securities registered pursuant to Section 12(b) of the Act:  NONE.

Title of each class              Name of each exchange of
                                     which registered

-------------------------       ------------------------------

-------------------------       ------------------------------

Securities registered pursuant to section 12(g) of the Act:  None.

-----------------------------------------------------------------
(Title of class)

-----------------------------------------------------------------
(Title of class)

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.

Yes          No  X
-------          -------

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.

Yes          No  X
-------          -------

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.

Yes  X          No
-------          -------

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.

-------

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer     Accelerated filer     Non-accelerated filer X
----                        ----                  ----

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).

Yes          No  X
-------          -------

State the aggregate market value of the voting and non-voting common equity held by non-affiliates computed by reference to the price at which the common equity was last sold, or the average bid and asked price of such common equity, as of the last business day of the registrant's most recently completed second fiscal quarter.

Not Applicable

## DOCUMENTS INCORPORATED BY REFERENCE

List hereunder the following documents if incorporated by reference and the Part of the Form 10-K (e.g., Part I, Part II, etc.) into which the document is incorporated: (1) Any annual report to security holders; (2) Any proxy or information statement; and (3) Any prospectus filed pursuant to Rule 424(b) or (c) under the Securities Act of 1933. The listed documents should be clearly described for identification purposes (e.g., annual report to

security holders for fiscal year ended December 24, 1980).

None

## PART I

Item 1. Business.

Omitted.

Item 1A. Risk Factors.

Omitted.

Item 1B. Unresolved Staff Comments.

None.

Item 2. Properties.

Omitted.

Item 3. Legal Proceedings.

Omitted.

Item 4. Submission of Matters to a Vote of Security Holders.

Omitted.

## PART II

Item 5. Market for Registrant's Common Equity, Related Stockholder Matters and Issuer Purchases of Equity Securities.

Omitted.

Item 6. Selected Financial Data.

Omitted.

Item 7. Management's Discussion and Analysis of Financial Condition and Results of Operation.

Omitted.

Item 7A. Quantitative and Qualitative Disclosures About Market Risk.

Omitted.

Item 8. Financial Statements and Supplementary Data.

Omitted.

Item 9. Changes in and Disagreements With Accountants on Accounting and

Omitted.

Item 9A. Controls and Procedures.

Omitted.

Item 9A(T).  Controls and Procedure.

Omitted.

Item 9B. Other Information.

None.

## PART III

Item 10. Directors, Executive Officers and Corporate Governance.

Omitted.

Item 11. Executive Compensation.

Omitted.

Item 12. Security Ownership of Certain Beneficial Owners and Management and

Omitted.

Item 13. Certain Relationships and Related Transactions, and Director
Independence.

Omitted.

Item 14. Principal Accounting Fees and Services.

Omitted.

## ADDITIONAL DISCLOSURE ITEMS FOR REGULATION AB

Item 1112(b) of Regulation AB. Significant Obligor Financial Information

   Not Applicable.

Item 1114(b)(2) of Regulation AB. Credit Enhancement and
Other Support, Except for Certain Derivative Instruments (Information
Regarding Significant Enhancement Providers Financial Information).

   No entity or group of affiliated entities provided any external
   credit enhancement, uses any deriviative instruments or other
   support for the certificates within this transaction.

Item 1115(b) of Regulation AB.  Certain Derivative Instruments.

   No applicable updates.

Item 1117 of Regulation AB.  Legal Proceedings.

   No applicable updates.

Item 1119 of Regulation AB.  Affiliation and Certain Relationships and
Related Transactions.

No applicable updates.

Item 1122 of Regulation AB.  Compliance with Applicable Servicing Criteria.

See Item 15.

Item 1123 of Regulation AB.  Servicer Compliance Statement.

See Item 15.

PART IV

Item 15. Exhibits, Financial Statement Schedules.

(a) Exhibits

(1.1) Underwriting Agreement, dated July 27, 2006, among American
Home Mortgage Corp., American Home Mortgage Assets LLC and
Deutsche Bank Securities, Inc., originally filed on Form
8-K on August 23, 2006 and incorporated by reference
herein.

(4.1) Pooling and Servicing Agreement, dated as of July 1, 2006,
among American Home Mortgage Assets LLC, as company, Wells
Fargo Bank, N.A., as master servicer, and Citibank, N.A.,
as trustee, originally filed on Form 8-K on August 23, 2006
and incorporated by reference herein.

(4.2) Pooling and Servicing Agreement, dated as of July 1, 2006,
among American Home Mortgage Assets LLC, as company, Wells
Fargo Bank, N.A., as master servicer, and Citibank, N.A.,
as trustee, originally filed on Form 8-K/A on September 18,
2006 and incorporated by reference herein.

(4.3) Pooling and Servicing Agreement, dated as of July 1, 2006,
among American Home Mortgage Assets LLC, as company, Wells
Fargo Bank, N.A., as master servicer, and Citibank, N.A.,
as trustee, originally filed on Form 8-K/A on October 10,
2006 and incorporated by reference herein.

(31)  Rule 13a-14(d)/15d-14(d) Certification.

(33)  Reports on Assessment of Compliance with Servicing Criteria for
Asset-Backed Securities.
(a)  American Home Mortgage Servicing, Inc. as Servicer
(b)  Deutsche Bank National Trust Company, as Custodian
(c)  Wells Fargo Bank, N.A., as Master Servicer
(d)  Citibank N.A., as Trustee

(34)  Attestation Report on Assessment of Compliance with Servicing
Criteria for Asset Backed Securities.
(a)  American Home Mortgage Servicing, Inc. as Servicer
(b)  Deutsche Bank National Trust Company, as Custodian
(c)  Wells Fargo Bank, N.A., as Master Servicer
(d)  Citibank N.A., as Trustee

(35)  Servicer Compliance Statement.
(a)  American Home Mortgage Servicing, Inc. as Servicer
(b)  Wells Fargo Bank, N.A., as Master Servicer

(b) Not applicable

(c) Omitted.

## SIGNATURES

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

(Registrant)    American Home Mortgage Assets LLC
-------------------------------------------------------------

By /s/ Michael Strauss
    -----------------------------------------------
    Michael Strauss
    President

Date   March 30, 2007
    -----------------------------------------------

Exhibit Index

Exhibit No.

(1.1) Underwriting Agreement, dated July 27, 2006, among American Home Mortgage Corp., American Home Mortgage Assets LLC and Deutsche Bank Securities, Inc., originally filed on Form 8-K on August 23, 2006 and incorporated by reference herein.

(4.1) Pooling and Servicing Agreement, dated as of July 1, 2006, among American Home Mortgage Assets LLC, as company, Wells Fargo Bank, N.A., as master servicer, and Citibank, N.A., as trustee, originally filed on Form 8-K on August 23, 2006 and incorporated by reference herein.

(4.2) Pooling and Servicing Agreement, dated as of July 1, 2006, among American Home Mortgage Assets LLC, as company, Wells Fargo Bank, N.A., as master servicer, and Citibank, N.A., as trustee, originally filed on Form 8-K/A on September 18, 2006 and incorporated by reference herein.

(4.3) Pooling and Servicing Agreement, dated as of July 1, 2006, among American Home Mortgage Assets LLC, as company, Wells Fargo Bank, N.A., as master servicer, and Citibank, N.A., as trustee, originally filed on Form 8-K/A on October 10, 2006 and incorporated by reference herein.

(31) Rule 13a-14(d)/15d-14(d) Certification.

(33)  Reports on Assessment of Compliance with Servicing Criteria for Asset-Backed Securities.
    (a)  American Home Mortgage Servicing, Inc. as Servicer
    (b)  Deutsche Bank National Trust Company, as Custodian
    (c)  Wells Fargo Bank, N.A., as Master Servicer
    (d)  Citibank N.A., as Trustee

(34)  Attestation Report on Assessment of Compliance with Servicing Criteria for Asset Backed Securities.
    (a)  American Home Mortgage Servicing, Inc. as Servicer
    (b)  Deutsche Bank National Trust Company, as Custodian
    (c)  Wells Fargo Bank, N.A., as Master Servicer
    (d)  Citibank N.A., as Trustee

(35)  Servicer Compliance Statement.
    (a)  American Home Mortgage Servicing, Inc. as Servicer
    (b)  Wells Fargo Bank, N.A., as Master Servicer


Ex-31

EX-33 (a)

EX-33 (b)

EX-33 (c)

EX-33 (d)

EX-34 (a)

EX-34 (b)

EX-34 (c)

EX-34 (d)

EX-35 (a)

EX-35 (b)


&lt;/TEXT&gt;
&lt;/DOCUMENT&gt;

```
<DOCUMENT>
<TYPE>EX-31
<SEQUENCE>2
<FILENAME>ex31.txt
<DESCRIPTION>SOX CERTIFICATE
<TEXT>
```
                        Certification

I, Michael Strauss, certify that:


1. I have reviewed this report on Form 10-K and all reports on Form 10-D
required to be filed in respect of the period covered by this report on Form
10-K of American Home Mortgage Assets Trust 2006-3 (the "Exchange Act
periodic reports");

2. Based on my knowledge, the Exchange Act periodic reports, taken as a whole,
do not contain any untrue statement of a material fact or omit to state a
material fact necessary to  make the statements made, in light of the
circumstances under which such statements were made, not misleading with
respect to the period covered by this report;

3. Based on my knowledge, all of the distribution, servicing and other
information required to be provided under Form 10-D for the period covered by
this report is included in the Exchange Act periodic reports;

4. Based on my knowledge and the servicer compliance statement(s) required in
this report under Item 1123 of Regulation AB, and except as disclosed in the
Exchange Act periodic reports, the servicer(s) have fulfilled their
obligations under the servicing agreement(s); and

5. All of the reports on assessment of compliance with servicing criteria for
asset-backed securities and their related attestation reports on assessment of
compliance with servicing criteria for asset-backed securities required to be
included in this report in accordance with Item 1122 of Regulation AB and
Exchange Act Rules 13a-18 and 15d-18 have been included as an exhibit to this
report, except as otherwise disclosed in this report. Any material instances
of noncompliance described in such reports have been disclosed in this report
on Form 10-K.

     In giving the certifications above, I have reasonably relied on
information provided to me by the following unaffiliated parties: Wells Fargo
Bank, N.A., and Citibank, N.A.
Date: March 26, 2007

                        /s/ Michael Strauss
                        -----------------------
                        Name: Michael Strauss
                        Title: President


```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-33
<SEQUENCE>3
<FILENAME>ex33a.txt
<DESCRIPTION>AMERICAN HOME MORTGAGE SERVICING, INC. AS SERVICER
<TEXT>
```

American Home Mortgage Servicing
4600 Regent Boulevard, Suite 200

Irving, Texas 75063
Tel: (877) 304-3100

American Home Mortgage Servicing, Inc.'s Report on Assessment of Compliance with Servicing Criteria

The undersigned has caused an assessment to be made of the servicer's compliance with the servicing criteria set forth in Regulation AB.

American Home Mortgage Servicing, Inc (the "Asserting Party") is responsible for assessing compliance as of December 31, 2006 and for the period from January 1, 2006 to December 31, 2006 (the "Reporting Period") with the servicing criteria set forth in Title 17, Section 229.1122(d) of the Code of Federal Regulations (the "CFR"), except for those portions of criteria 229.1122(d)(3)(ii) - pertaining to amounts due to investors are allocated and remitted in accordance with distribution priority and other terms as set forth in the transaction agreements, which the Asserting Party has concluded are not applicable to the servicing activities it performs with respect to the assetbacked securities transactions covered by this report (the "Applicable Servicing Criteria"). The Asserting Party has engaged vendors to perform certain portions of criteria 1122(d)(4)(iv) and 1122(d)(4)(xi) for which it has elected to take responsibility. The Platform includes all residential mortgage loans serviced by the asserting party (the "Platform").

The Asserting Party has assessed its compliance with the Applicable Servicing Criteria as of December 31, 2006 and for the Reporting Period and has concluded that the Asserting Party has complied, in all material respects, with the Applicable Servicing Criteria with respect to the Platform taken as a whole.

Deloitte & Touche LLP, an independent registered public accounting firm, has issued an attestation report on the undersigned's assessment of compliance with the Applicable Servicing Criteria as of December 31, 2006, and for the Reporting Period as set forth in this assertion.

Date: March 1, 2007             American Home Mortgage Servicing, Inc

                    By: /s/ Michael Strauss
                    ---------------------------
                        Michael Strauss
                        Chief Executive Officer

                    By: /s/ Steve Hozie
                    ---------------------------
                        Steve Hozie
                        Chief Financial Officer

                    By: /s/ David Friedman
                    ---------------------------
                        David Friedman
                        Executive Vice President


Licensed Or Authorized Mortgage Lender Throughout The Fifty States And The District of Columbia

An American Home Mortgage Investment Corp. Company

New York Stock Exchange Listing Symbol - AHM

```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-33
<SEQUENCE>4
<FILENAME>ex33b.txt
<DESCRIPTION>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CUSTODIAN
<TEXT>
```

Appendix I

MANAGEMENT'S ASSERTION OF COMPLIANCE

Management of the Trust & Securities Services department of Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas (collectively the "Company") is responsible for assessing compliance with the servicing criteria set forth in Item 1122(d)of Regulation AB promulgated by the Securities and Exchange Commission. Management has determined that the servicing criteria arc applicable in regard to the servicing platform for the period as follows:

Platform: Publicly-issued (i.e., transaction-level reporting required under the Securities Exchange Act of 1934, as amended) residential mortgage-backed securities and other asset-backed securities issued on or after January 1, 2006 for which the Company provides trustee, securities administration or paying agent services, excluding any publicly issued transactions sponsored or issued by any government sponsored entity (the "Platform").

Applicable Servicing Criteria: All servicing criteria set forth in Item 1122(d), except for the following criteria: 1122(d)(2)(iii),1122(d)(4)(iv), 1122(d)(4)(v),1122(d)(4)(vi), 1122(d)(4)(vii),1122(d)(4)(viii), 1122(d)(4) (ix), 1122(d)(4)(x), 1122(d)(4)(xi), 1122(d)(4)(xii), 1122(d)(4)(xiii) and 1122(d)(4)(xiv), which management has determined are not applicable to the activities the Company performs with respect to the Platform (the "Applicable Servicing Criteria").

Period: Twelve months ended December 31, 2006 (the "Period").

Management's interpretation of Applicable Servicing Criteria: The Company's management has determined that servicing criteria 1122(d)(1)(iii) is applicable only with respect to its continuing obligation to act as, or locate a, successor servicer under the circumstances referred to in certain governing documents. It is management's interpretation that Deutsche Bank Trust Company America has no other active back-up servicing responsibilities in regards to 1122(d)(1)(iii) as of and for the Period.

Third parties classified as vendors: With respect to servicing criteria 1122(d)(2)(i), 1122(d)(4)(i), and 1122(d)(4)(ii), management has engaged various vendors to perform the activities required by these servicing criteria. The Company's management has determined that these vendors are not considered a "servicer" as defined in Item 1101(j) of Regulation AB, and the Company's management has elected to take responsibility for assessing compliance with the servicing criteria applicable to each vendor as permitted by interpretation 17.06 of the SEC Division of Corporation Finance Manual of Publicly Available Telephone Interpretations ("Interpretation 17.06"). As permitted by Interpretation 17.06, management has asserted that it has policies and procedures in place to provide reasonable assurance that the vendor's activities comply in all material respects with the servicing criteria applicable to each vendor. The Company's management is solely responsible for determining that it meets the SEC requirements to apply Interpretation 17.06 for the vendors and related criteria.

With respect to the Platform, the Company's management provides the following assertion of compliance with respect to the Applicable Servicing Criteria:
1. The Company's management is responsible for assessing the Company's compliance with the Applicable Servicing Criteria as of and for the Period.

2. The Company's management has assessed compliance with the Applicable Servicing Criteria, including servicing criteria for which compliance is determined based on Interpretation 17.06 as described above, as of and for the Period. In performing this assessment, management used the criteria set

forth by the Securities and Exchange Commission in paragraph (d) of Item 1122 of Regulation AB.

3. Based on such assessment, as of and for the Period, the Company has complied, in all material respects, with the Applicable Servicing Criteria. KPMG LLP, a registered public accounting firm, has issued an attestation report with respect to the management's assertion of compliance with the Applicable Servicing Criteria as of and for the Period.

Appendix I

Deutche Bank National Trust Company

By:/s/ Gary R. Vaughan
-------------------------------------
Name:  Gary R. Vaughan
Its: Managing Director

By: /s/ David Co
-------------------------------------
Name: David Co
Its: Director

By: /s/ Jose Sicilia
-------------------------------------
Name: Jose Sicilia
Its: Managing Director

By: /s/ Kevin Fischer
-------------------------------------
Name: Kevin Fischer
Its: Vice President

By: /s/ Robert Frier
-------------------------------------
Name: Robert Frier
Its: Director

Deutche Bank Trust Company Americas

By: /s/ Kevin C. Weeks
-------------------------------------
Name: Kevin C. Weeks
Its: Managing Director

By: /s/ Jenna Kaufman
-------------------------------------
Name: Jenna Kaufman
Its: Director

</TEXT>
</DOCUMENT>

```
<DOCUMENT>
<TYPE>EX-33
<SEQUENCE>5
<FILENAME>ex33c.txt
<DESCRIPTION>WELLS FARGO BANK, N.A., AS MASTER SERVICER
<TEXT>
```

WELLS
FARGO

Corporate Trust Services
9062 Old Annapolis Road
Columbia, MD 21045-1951
410 884-2000
410 715-2380 Fax

Wells Fargo Bank, N.A.

ASSESSMENT OF COMPLIANCE WITH APPLICABLE SERVICING CRITERIA

Corporate Trust Services division of Wells Fargo Bank, National Association (the "Company") provides this assessment of compliance with the following applicable servicing criteria set forth in Item 1122(d) of Regulation AB promulgated by the Securities and Exchange Commission. Management has determined that the servicing criteria are applicable in regards to the servicing platform for the period as follows:

Platform: Publicly-issued (i.e., transaction-level reporting initially required under the Securities Exchange Act of 1934, as amended) residential mortgage-backed securities, commercial mortgage-backed securities and other asset-backed securities, for which the Company provides master servicing, trustee, securities administration or paying agent services, excluding transactions issued by any agency or instrumentality of the U.S. government or any government sponsored entity (the "Platform").

Applicable Servicing Criteria: All servicing criteria set forth in Item 1122(d), to the extent required in the related transaction agreements or required by the Item 1122(d) servicing criteria in regards to the activities performed by the Company, except for the following criteria: 1122(d)(l)(iii), 1122(d)(4)(ii), 1122(d)(4)(iv), 1122(d)(4)(v), 1122(d)(4)(viii), 1122(d)(4)(ix), 1122(d)(4)(x), 1122(d)(4)(xi), 1122(d)(4)(xii) and 1122(d)(4)(xiii), which management has determined are not applicable to the activities the Company performs with respect to the Platform (the "Applicable Servicing Criteria").

Period: Twelve months ended December 31, 2006 (the "Period").

Third parties classified as vendors: With respect to servicing criteria 1122(d)(4)(i), the Company has engaged various vendors to handle certain Uniform Commercial Code filing functions required by the servicing criteria ("vendors"). The Company has determined that none of the vendors is a "servicer" as defined in Item 1101(j) of Regulation AB, and the Company elects to take responsibility for assessing compliance with the portion of the servicing criteria applicable to each vendor as permitted by Interpretation 17.06 of the SEC Division of Corporation Finance Manual of Publicly Available Telephone Interpretations ("Interpretation 17.06"). The Company has policies and procedures in place to provide reasonable assurance that each vendor's activities comply in all material respects with the servicing criteria applicable to each vendor. The Company is solely responsible for determining that it meets the SEC requirements to apply Interpretation 17.06 for the vendors and related criteria.

With respect to the Platform and the Period, the Company provides the following assessment of compliance with respect to the Applicable Servicing Criteria:

1. The Company is responsible for assessing its compliance with the Applicable Servicing Criteria.

2. The Company has assessed compliance with the Applicable Servicing Criteria, including servicing criteria for which compliance is determined based on Interpretation 17.06 as described above, as of and for the Period. In performing this assessment, management used the criteria set forth by the Securities and Exchange Commission in paragraph (d) of Item 1122 of Regulation AB.

3. Other than as identified on Schedule A hereto, as of and for the Period, the Company was in material compliance with the Applicable Servicing Criteria. Any material instances of noncompliance by a vendor of which the Company is aware and any material deficiency in the Company's policies and procedures to monitor vendors' compliance that the Company has identified is specified on Schedule A hereto.

KPMG LLP, a registered public accounting firm, has issued an attestation report with respect to the Company's foregoing assessment of compliance as of and for the Period.

WELLS FARGO BANK, NATIONAL ASSOCIATION

By: /s/ Brian Bartlett
    ------------------
        Brian Bartlett

Its: Executive Vice President

Dated: March 1, 2007


WELLS                          Corporate Trust Services
FARGO                          9062 Old Annapolis Road
                               Columbia, MD 21045-1951
                               410 884-2000
                               410 715-2380 Fax

                               Wells Fargo Bank, N.A.

                    Schedule A


            Material Instances of Noncompliance by the Company


1122(d)(3)(i)- Delinquency Reporting - During the reporting period, certain monthly investor or remittance reports included errors in the calculation and/or the reporting of delinquencies for the pool assets, which errors may or may not have been material. All such errors were the result of data processing errors and/or the mistaken interpretation of data provided by other parties participating in the servicing function. All necessary adjustments to data processing systems and/or interpretive clarifications have been made to correct those errors and to remedy related procedures.


            Material Instances of Noncompliance by any Vendor

                        NONE

    Material Deficiencies in Company's Policies and Procedures to Monitor Vendors'
                        Compliance

                        NONE
</TEXT>
</DOCUMENT>

```
<DOCUMENT>
<TYPE>EX-33
<SEQUENCE>6
<FILENAME>ex33d.txt
<DESCRIPTION>CITIBANK N.A., AS TRUSTEE
<TEXT>
```

Management's Assertion of Compliance

Management of the Agency and Trust division of Citibank, N.A. (the "Company")
is responsible for providing this platform-level assessment of compliance with
the servicing criteria specified in Item 1122(d) of Regulation AB promulgated
by the Securities and Exchange Commission.

Management has determined that the following servicing criteria are applicable
in regards to the platform for the following period:

Platform: publicly-issued (i.e., transaction-level reporting initially
required under the Securities Exchange Act of 1934, as amended) residential
mortgage-backed securities, automobile loan or lease-backed securities and
student loan-backed securities issued on or after January 1, 2006, for which
the Company provides the following servicing functions (the "Platform"):

   - paying agent, securities administration and trustee; or
   - securities administration and paying agent; or
   - paying agent and trustee; or
   - paying agent.

Applicable Servicing Criteria: All servicing criteria set forth in Item
1122(d), to the extent required by the Item 1122(d) servicing criteria in
regards to the activities performed by the Company with respect to the
Platform as to any transaction, excluding the following servicing criteria:
1122(d)(1)(i), 1122(d)(1)(iii), 1122(d)(I)(iv), 1122(d)(2)(iii). 1122(d)(4)
(i), 1122(d)(4)(ii) and 1122(d)(4)(iv) through 1122(d)(4)(xiv), (the
"Applicable Servicing Criteria").

Period: Twelve months ended December 31, 2006 (the "Period").

With respect to the Platform, the Company's management provides the following
assessment of compliance with respect to the Applicable Servicing Criteria:

  - The Company's management is responsible for assessing the Company's
    compliance with the Applicable Servicing Criteria as of and for the
    Period.

  - The Company's management has assessed compliance with the Applicable
    Servicing Criteria as of and for the Period. In making this assessment,
    management used the criteria set forth by the Securities and Exchange
    Commission in paragraph (d) of Item 1122 of Regulation AB.

  - Based on such assessment, as of and for the Period, the Company has
    complied, in all material respects, with the Applicable Servicing
    Criteria.

KPMG LLP, a registered public accounting firm, has issued an attestation
report with respect to management's assertion of compliance with the
Applicable Servicing Criteria as of and for the Period.

Citibank,N.A.
By:/s/Jeffrey Volk
-----------------------------
Jeffrey Volk

Its: Managing Director
-----------------------------

Dated: February 28, 2007
-----------------------

```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-34
<SEQUENCE>7
<FILENAME>ex34a.txt
<DESCRIPTION>AMERICAN HOME MORTGAGE SERVICING, INC. AS SERVICER
<TEXT>
Deloitte
```

Deloitte & Touche LLP
Two World Financial Center
New York, NY 10281-1414
USA
Tel: +1 212 436 2000
Fax: +1 212 436 5000
www.deloitte.com

REPORT OF INDEPENDENT REGISTERED PUBLIC ACCOUNTING FIRM

Board of Directors and Shareholders
American Home Mortgage Servicing, Inc.

We have examined management's assertion, included in the accompanying Management's Report on Assessment of Compliance with Servicing Criteria, that American Home Mortgage Servicing, Inc. (the "Company") complied with the servicing criteria set forth in Item 1122 (d) of the Securities and Exchange Commission's Regulation AB for all Residential Mortgage Loans (the "Platform") as of and for the year ended December 31, 2006, excluding the portion of criteria 1122 (d)(3)(ii) - pertaining to amounts due to investors are allocated and remitted in accordance with distribution priority and other terms as set forth in the transaction agreements, which management has determined are not applicable to the activities performed by the Company with respect to the Platform. Management's assertion states that transactions covered by this report include the asset-backed securities transactions for which the Company served as servicer under their defined Platform. Management is responsible for the Company's compliance with the servicing criteria. Our responsibility is to express an opinion on management's assertion about the Company's compliance with the servicing criteria based on our examination.

Our examination was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants, as adopted by the Public Company Accounting Oversight Board (United States) and, accordingly, included examining, on a test basis, evidence about the Company's compliance with the applicable servicing criteria, including tests on a sample basis of the servicing activities related to the Platfoinn, determining whether the Company performed those selected activities in compliance with the servicing criteria during the specified period and performing such other procedures as we considered necessary in the circumstances. Our procedures were limited to selected servicing activities performed by the Company during the period covered by this report and, accordingly, such samples may not have included servicing activities related to each asset-backed transaction included in the Platform. Further, an examination is not designed to detect noncompliance arising from errors that may have occurred prior to the period specified above that may have affected the balances or amounts calculated or reported by the Company during the period covered by this report. We believe that our examination provides a reasonable basis for our opinion. Our examination does not provide a legal determination on the Company's compliance with the servicing criteria.

As described in management's assertion, for servicing criteria 1122(d)(4)(iv) and 1122(d)(4)(xi), the Company has engaged a vendor to perform certain activities required by this servicing criteria. The Company has determined that this vendor is not considered a "servicer" as defined in Item 1101(j) of Regulation AB, and the Company has elected to take responsibility for assessing compliance with the servicing criteria applicable to this vendor as permitted by Interpretation 17.06 of the SEC Division of Corporation Finance Manual of Publicly Available Telephone Interpretations ("Interpretation 17.06"). As permitted by Interpretation 17.06, the Company has asserted that it has policies and procedures in place designed to provide reasonable assurance that the vendor's activities comply in all material

respects with the servicing criteria applicable to this vendor. The Company is solely responsible for determining that it meets the SEC requirements to apply Interpretation 17.06 for the vendor and related criteria as described in its assertion, and we performed no procedures with respect to the Company's determination of its eligibility to use Interpretation 17.06.

In our opinion, management's assertion that the Company complied with the aforementioned applicable servicing criteria as of and for the year ended December 31, 2006 for the Residential Mortgage Loans Platform is fairly stated, in all material respects.

/s/ Deloitte Touche LLP

March 1, 2007

Member of
Deloitte Touche Tohmatsu

</TEXT>
</DOCUMENT>

```
<DOCUMENT>
<TYPE>EX-34
<SEQUENCE>8
<FILENAME>ex34b.txt
<DESCRIPTION>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CUSTODIAN
<TEXT>
KPMG
```

KPMG LLP
303 East Wacker Drive
Chicago, IL 60601-5212

Report of Independent Registered Public Accounting Firm

The Board of Directors
The Trust & Securities Services department of Deutsche Bank National Trust
   Company and Deutsche Bank Trust Company Americas:

We have examined management's assertion, included in the accompanying Appendix
I, that the Trust & Securities Services department of Deutsche Bank National
Trust Company and Deutsche Bank Trust Company Americas (collectively the
"Company") complied with the servicing criteria set forth in Item 1122(d) of
the Securities and Exchange Commission's Regulation AB for publicly-issued
(i.e., transaction-level reporting required under the Securities Exchange Act
of 1934, as amended) residential mortgage-backed securities and other asset-
backed securities issued on or after January 1, 2006, for which the Company
provides trustee, securities administration or paying agent services,
excluding any publicly issued transactions, sponsored or issued by any
government sponsored entity (the Platform), except for servicing criteria
1122(d)(2)(iii), 1122(d)(4)(iv), 1122(d)(4)(v), 1122(d)(4)(vi), 1122(d)
(4)(vii), 1122(d)(4)(viii), 1122(d)(4)(ix), 1122(d)(4)(x), 1122(d)(4)(xi),
1122(d)(4)(xii), 1122(d)(4)(xiii) and 1122(d)(4)(xiv), which the Company has
determined are not applicable to the activities it performs with respect to
the Platform, as of and for the twelve months ended December 31, 2006.
Management is responsible for the Company's compliance with those servicing
criteria. Our responsibility is to express an opinion on management's
assertion about the Company's compliance based on our examination.

Our examination was conducted in accordance with the standards of the Public
Company Accounting Oversight Board (United States) and, accordingly, included
examining, on a test basis, evidence about the Company's compliance with the
servicing criteria specified above and performing such other procedures as we
considered necessary in the circumstances. Our examination included testing
of less than all of the individual asset-backed transactions and securities
that comprise the Platform, testing of less than all of the servicing
activities related to the Platform, and determining whether the Company
processed those selected transactions and performed those selected activities
in compliance with the servicing criteria. Furthermore, our procedures were
limited to the selected transactions and servicing activities performed by
the Company during the period covered by this report. Our procedures were
not designed to determine whether errors may have occurred either prior to
or subsequent to our tests that may have affected the balances or amounts
calculated or reported by the Company during the period covered by this
report for the selected transactions or any other transactions. We believe
that our examination provides a reasonable basis for our opinion. Our
examination does not provide a legal determination on the Company's
compliance with the servicing criteria.

As described in management's assertion included in the accompanying Appendix
I, for servicing criteria 1122 (d)(2)(i), 1122 (d)(4)(i) and 1122(d)(4)(ii),
the Company has engaged various vendors to perform the activities required by
these servicing criteria. The Company has determined that these vendors am
not considered a "servicer" as defined in Item 1101(j) of Regulation AB, and
the Company has elected to take responsibility for assessing compliance with

the servicing criteria applicable to each vendor as permitted by Interpretation 17.06 of the SEC

KPMG LLP, a U.S. limited liability partnership, Is The
U.S. member firm of KPMG International, a Swiss Cooperative.

KPMG

Division of Corporation Finance Manual of Publicly Available Telephone Interpretations ("Interpretation 17.06"). As permitted by Interpretation 17.06, the Company has asserted that it has policies and procedures in place designed to provide reasonable assurance that the vendors' activities comply in all material respects with the servicing criteria applicable to each vendor. The Company is solely responsible for determining that it meets the SEC requirements to apply Interpretation 17.06 for the vendors and related criteria as described in its assertion, and we performed no procedures with respect to the Company's eligibility to apply Interpretation 17.06.

In our opinion, management's assertion that the Company complied with the aforementioned servicing criteria, including servicing criteria 1122 (d)(2)(i), 1122 (d)(4)(i) and 1122(d)(4)(ii) for which compliance is determined based on Interpretation 17.06 as described above, as of and for the twelve months ended December 31, 2006 is fairly stated, in all material respects.

KPMG LLP

Chicago, Illinois
February 28, 2007

</TEXT>
</DOCUMENT>

&lt;DOCUMENT&gt;
&lt;TYPE&gt;EX-34
&lt;SEQUENCE&gt;9
&lt;FILENAME&gt;ex34c.txt
&lt;DESCRIPTION&gt;WELLS FARGO BANK, N.A., AS MASTER SERVICER
&lt;TEXT&gt;
KPMG

      KPMG LLP
      303 East Wacker Drive
      Chicago, IL 60601-5212


     Report of Independent Registered Public Accounting Firm

The Board of Directors
The Corporate Trust Services division of Wells Fargo Bank, National Association:

We have examined the compliance of the Corporate Trust Services division of
Wells Fargo Bank, National Association (the Company) with the servicing
criteria set forth in Item 1122(d) of the Securities and Exchange Commission's
Regulation AB for publicly-issued (i.e., transaction-level reporting initially
required under the Securities Exchange Act of 1934, as amended) residential
mortgage-backed securities, commercial mortgage-backed securities and other
asset-backed securities, for which the Company provides master servicing,
trustee, securities administration or paying agent services, excluding
transactions issued by any agency or instrumentality of the U.S. government or
any government sponsored entity (the Platform), except for servicing criteria
1122(d)(1)(iii), 1122(d)(4)(ii), 1122(d)(4)(iv), 1122(d)(4)(v),
1122(d)(4)(viii), 1122(d)(4)(ix), 1122(d)(4)(x), 1122(d)(4)(xi), 1122(d)(4)(xii)
and 1122(d)(4)(xiii), which the Company has determined are not applicable to the
activities it performs with respect to the Platform, as of and for the twelve
months ended December 31, 2006. Management is responsible for the Company's
compliance with those servicing criteria. Our responsibility is to express an
opinion on management's assertion about the Company's compliance based on our
examination.

Our examination was conducted in accordance with the standards of the Public
Company Accounting Oversight Board (United States) and, accordingly, included
examining, on a test basis, evidence about the Company's compliance with the
servicing criteria specified above and performing such other procedures as we
considered necessary in the circumstances. Our examination included testing of
less than all of the individual asset-backed transactions and securities that
comprise the Platform, testing of less than all of the servicing activities
related to the Platform, and determining whether the Company processed those
selected transactions and performed those selected activities in compliance
with the servicing criteria. Furthermore, our procedures were limited to the
selected transactions and servicing activities performed by the Company during
the period covered by this report. Our procedures were not designed to
determine whether errors may have occurred either prior to or subsequent to our
tests that may have affected the balances or amounts calculated or reported by
the Company during the period covered by this report for the selected
transactions or any other transactions. We believe that our examination
provides a reasonable basis for our opinion. Our examination does not provide a
legal determination on the Company's compliance with the servicing criteria.

As described in the accompanying management's Assessment of Compliance With
Applicable Servicing Criteria, for servicing criteria 1122(d)(4)(i), the
Company has engaged various vendors to perform the activities required by these
servicing criteria. The Company has determined that these vendors are not
considered a "servicer" as defined in Item 1101(j) of Regulation AB, and the
Company has elected to take responsibility for assessing compliance with the
servicing criteria applicable to each vendor as permitted by Interpretation
17.06 of the SEC Division of Corporation Finance Manual of Publicly Available
Telephone Interpretations ("Interpretation 17.06"). As permitted by
Interpretation 17.06, the Company has asserted that it has policies and
procedures in place designed to provide reasonable assurance that the vendors'
activities comply in all material respects with the servicing criteria
applicable to each vendor. The Company is solely responsible for determining
that it meets the SEC requirements to apply Interpretation 17.06 for the

vendors and related criteria as described in its assertion, and we performed no procedures with respect to the Company's eligibility to apply Interpretation 17.06.

Our examination disclosed material noncompliance with criterion 1122(d)(3)(i), as applicable to the Company during the twelve months ended December 31. 2006. Certain monthly investor or remittance reports included errors in the calculation and/or the reporting of delinquencies for the pool assets.

In our opinion, except for the material non-compliance described above, the Company complied, in all material respects, with the aforementioned servicing criteria, including servicing criteria for which compliance is determined based on Interpretation 17.06 as discussed above, as of and for the twelve months ended December 31, 2006.

KPMG LLP

Chicago, IL 60601
March 1, 2007
</TEXT>
</DOCUMENT>

```
<DOCUMENT>
<TYPE>EX-34
<SEQUENCE>10
<FILENAME>ex34d.txt
<DESCRIPTION>CITIBANK N.A., AS TRUSTEE
<TEXT>
```
Report of Independent Registered Public Accounting Firm

The Board of Directors
Citibank, N.A.:

We have examined management's assertion, included in the accompanying Appendix I, that Citibank, N.A. (or "Company") complied with the servicing criteria set forth in Item 1122(d) of the Securities and Exchange Commission's Regulation AB for publicly-issued (i.e., transaction-level reporting initially required under the Securities Exchange Act of 1934, as amended) residential mortgage-backed securities, automobile loan or lease-backed securities and student loan-backed securities issued on or after January 1, 2006 for which the Company provides the following servicing functions:  paying agent, securities administration and trustee; or securities administration and paying agent; or paying agent and trustee; or paying agent, collectively "Servicing Functions." (the "Platform"), excluding servicing criteria 1122(d)(1)(i), 1122(d)(1)(iii), 1122(d)(1)(iv), 1122(d)(2)(iii), 1122(d)(4)(i), 1122(d)(4)(ii) and 1122(d)(4)(iv) through 1122(d)(4)(xiv), which the Company has determined are not applicable to the activities the Company performs with respect to the Platform, as of and for the twelve months ended December 31, 2006.  Management is responsible for the Company's compliance with those servicing criteria. Our responsibility is to express an opinion on management's assertion about the Company's compliance based on our examination.

Our examination was conducted in accordance with the standards of the Public Company Accounting Oversight Board (United States) and, accordingly, included examining, on a test basis, evidence about the Company's compliance with the servicing criteria specified above and performing such other procedures as we considered necessary in the circumstances.  Our examination included testing of less than all of the individual asset-backed transactions and securities that comprise the Platform, testing of less than all of the servicing activities related to the Platform, and determining whether the Company processed those selected transactions and performed those selected activities in compliance with the servicing criteria.  Furthermore, our procedures were limited to the selected transactions and servicing activities performed by the Company during the period covered by this report.  Our procedures were not designed to determine whether errors may have occurred either prior to or subsequent to our tests that may have affected the balances or amounts calculated or reported by the Company during the period covered by this report for the selected transactions or any other transactions. We believe that our examination provides a reasonable basis for our opinion.  Our examination does not provide a legal determination on the Company's compliance with the servicing criteria.

In our opinion, management's assessment that the Company complied with the aforementioned servicing criteria as of and for the twelve month ended December 31, 2006 is fairly stated, in all material respects.

/s/ KPMG LLP

Chicago, Illinois
February 28, 2007

```
-</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-34
<SEQUENCE>11
<FILENAME>ex35a.txt
<DESCRIPTION>AMERICAN HOME MORTGAGE SERVICING, INC. AS SERVICER
<TEXT>
```

ANNUAL STATEMENT OF COMPLIANCE

American Home Mortgage Servicing, Inc.

American Home Mortgage Assets Trust 2006-3
Mortgage-Backed Pass-Through Certificates, Series 2006-3

I, David M. Friedman, a duly authorized officer of
American Home Mortgage Servicing, Inc., as servicer (the
"Servicer") pursuant to the Servicing Agreement, dated as of
July 28, 2006 (the "Agreement"), among Wells Fargo Bank,
N.A., as Master Servicer, American Home Mortgage Corp., as
Sponsor, the Servicer and Citibank, N.A., as Trustee, hereby
certify that:

1.      A review of the Servicer's activities during
the period from and including January 1, 2006 through and
including December 31, 2006 (the "Reporting Period") and of
the Servicer's performance under the Agreement has been made
under my supervision.

2.      To the best of my knowledge, based on such
review, the Servicer has fulfilled all of its obligations
under the Agreement in all material respects throughout the
Reporting Period.

IN WITNESS WHEREOF, the undersigned has duly executed
this Certificate this 9th day of March, 2007.

By:  /s/ David M. Friedman
-----------------------------
Name:  David M. Friedman
Title: Executive
Vice President

```
</TEXT>
</DOCUMENT>
```

```
<DOCUMENT>
<TYPE>EX-34
<SEQUENCE>12
<FILENAME>ex35b.txt
<DESCRIPTION>WELLS FARGO BANK, N.A., AS MASTER SERVICER
<TEXT>
```

WELLS                 Corporate Trust Services
FARGO                 MAC N2702-011
                      9062 Old Annapolis Road
                      Columbia, MD 21045
                      410 884-2000
                      410 715-2380 Fax

                      Wells Fargo Bank, N.A.

March 15, 2007
American Home Mortgage Assets, LLC.

RE: Annual Statement As To Compliance for American Home Mortage Assets Trust
2006-3

Per Section 3.21 of the Pooling and Servicing Agreement, dated as of 7/1/2006,
the undersigned Officer of Wells Fargo Bank, N.A., (Master Servicer), hereby
certifies the following for the 2006 calendar year or portion thereof:

(A)  a review of such party's activities during the preceding calendar year
     or portion thereof and of such party's performance under this Agreement
     or such other applicable agreement in the case of any Servicing Function
     Participant engaged by it, has been made under such officer's supervision
     and

(B)  to the best of such officer's knowledge, based on such review, such party
     has fulfilled all its obligations under this Agreement or such other
     applicable agreement in the case of any Servicing Function Participant
     engaged by it, in all material respects throughout such year or portion
     thereof, or, if there has been a failure to fulfill any such obligation
     in any material respect, specifying each such failure known to such
     officer and the nature and status thereof.

Certified By:                Certified By:
/S/Kristen Ann Cronin        /S/Gordon Johnson
------------------------     ------------------------
KRISTEN ANN CRONIN, VICE PRESIDENT    Gordon Johnson, Assistant Secretary

```
</TEXT>
</DOCUMENT>
```