UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CITIBANK, N.A AS TRUSTEE FOR AMERICAN HOME
MORTGAGE ASSETS
TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-3

        VS        C.A. NO:1:18-cv-427-JJM

KATHERINE L. CAITO
INTERNAL REVENUE SERVICE

**DEFENDANT'S STATEMENT OF DISPUTED FACTS IN SUPPORT OF ITS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant, by her attorney, pursuant to DRI LR56(a) submits the following Statement of Disputed facts in support of her Objection to Plaintiff's Motion for Summary Judgment

1. Defendant did execute the note referenced in number 1. However she disputes that the note has been authenticated as Sony Prudent, who is not the custodian of the mortgage note, in the affidavit for Summary Judgment could not authenticate the promissory note.

2. There is no dispute that the mortgage was granted whereby the title to the property was granted to the original mortgagee with mortgage covenants.

3. Number 3 is disputed because the terms of the mortgage was modified by the Mortgage Modification Agreement, Def's Motion to Strike and Affidavit Ex. A-4.

4. Number 4 is disputed because the assignment did not purport to convey the mortgage to Citibank as Trustee without a reference to the trust. The named Trust did not exist under the name of Citibank as Trustee for American Home Mortgage Assets Trust 2006-3. See Defendant's Memorandum in Opposition to Motion for Summary Judgment Exs. 11-15.

5. Number 5 is disputed because the assignment did not purport to convey the mortgage to Citibank as Trustee without a reference to the trust. The named Trust did not exist under the name of Citibank as Trustee for American Home Mortgage Assets Trust 2006-3. See Defendant's Memorandum in Opposition to Motion for Summary Judgment Exs. 11-15.

6. Number 6 is disputed. When the servicing of the mortgage loan was transferred to Ocwen Loan Servicing, LLC. Homeward Residential, Inc. provided notice to the Defendant of the transfer pursuant to Exhibit A-1. This notice indicated that the amount due on the loan was $0.00. Plaintiff has not provided any Homeward Residential, Inc. records or documents which indicate the date of the alleged default and the amount of the alleged

default. No specification was made as to the amount of the required monthly payment.

7. There is no dispute that two Federal Court actions were filed in 2013. The first was dismissed for failure to serve the Defendants. The second case was dismissed with several other cases pursuant to FRCP 12(b)(6) on the grounds that the challenge of the Defendant to the assignment could not be undertaken because the failure to comply with the pooling and servicing agreement of a trust would be considered a voidable assignment which could be corrected. The settlement agreement did not specify that Citibank was trustee for American Home Mortgage Assets Trust 2006-3. Citibank did not sign this agreement.

8. There is no dispute that Paragraph 22 states this language.

9. This is disputed. See Affidavit of Katherine Caito and Exhibit A-4 which indicates that this letter was not a default letter, pursuant to the terms of the mortgage. Ocwen did not indicate in this letter that it was acting on behalf of Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 or for any other trust. The named trust does not exist. See Pl. Exh. 11-15.

10. This is disputed as this letter was not a default letter which complied with the terms of the mortgage. See Affidavit of Katherine Caito

and Exhibit A-4 which indicates that this letter was not a default letter, pursuant to the terms of the mortgage. Ocwen did not indicate in this letter that it was acting on behalf of Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 or for any other trust.   The named trust does not exist. See Pl. Exh. 11-15. the amount of arrearage was not $2,201,915.26 as the Mortgage Modification Agreement was not complied with in calculating the amount due under the note and the mortgage.

    11.    This is disputed as this letter was not a default letter which complied with the terms of the mortgage. See Affidavit of Katherine Caito and Exhibit A-4 which indicates that this letter was not a default letter, pursuant to the terms of the mortgage. Ocwen did not indicate in this letter that it was acting on behalf of Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 or for any other trust.   The named trust does not exist. See Pl. Exh. 11-15. the amount of arrearage was not $2,201,915.26 as the Mortgage Modification Agreement was not complied with in calculating the amount due under the note and the mortgage.

    12.    This is disputed as this letter was not a default letter which complied with the terms of the mortgage. See Affidavit of Katherine Caito and Exhibit A-4 which indicates that this letter was not a default letter, pursuant to the terms of the mortgage. Ocwen did not indicate in this letter

that it was acting on behalf of Citibank as Trustee for American Home Mortgage Assets Trust 2006-3 or for any other trust.  The named trust does not exist. See Pl. Exh. 11-15. the amount of arrearage was not $2,201,915.26 as the Mortgage Modification Agreement was not complied with in calculating the amount due under the note and the mortgage. The amount due is not $4,622,474.40 in principal, $1,350,968.95 and Escrow payments on the Note and the Mortgage.  Nothing is owed under the mortgage. All obligations derive from the Note. However this amount is completely miscalculated and the affiant had not verified information regarding the records of the prior loan servicer.

KATHERINE L. CAITO

By her Attorney

July 15, 2019

/s/ John B. Ennis
John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Cranston, RI 02920
401-943-9230
Jbelaw75@gmail.com

## CERTIFICATION

I hereby certify that I emailed a copy of the above Statement of Disputed Facts to the following electronically on this 15th day of July, 2019:

Samuel Bodurtha
Ethan Z. Tieger

/s/ John B. Ennis