**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE ASSETS
TRUST 2006-3, MORTGAGE BACKED
PASS-THROUGH CERTIFICATES SERIES
2006-3,

        Plaintiff,

v.

KATHERINE L. CAITO,

        Caito,

v.

INTERNAL REVENUE SERVICE,

        Interested Party.

C.A. No. 1:18-cv-00427-JJM

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO
CAITO KATHERINE L. CAITO'S MOTION TO STRIKE**

**I. INTRODUCTION**

Defendant Katherine L. Caito's ("Caito") summary judgment response includes an effort

to strike the Affidavit of Sony Prudent ("Prudent Affidavit") on grounds that are inapplicable and

on allegations and assertions that cannot exclude the evidence. The Court should deny Caito's

Motion to Strike because the First Circuit's decision in *U.S. Bank Trust, N.A. v. Jones* does not

apply or extend to the facts and circumstances here. Even if the Court were to apply *Jones*,

Plaintiff provides a supplemental affidavit to explain the process of integrating business records

from American Home Mortgage Servicing, Inc. ("AHMSI") through PHH Mortgage Corporation

("PHH"). The Court should also deny the Motion to Strike based upon Caito's assertions and

allegations that summarily criticize the manner in which Ocwen Loan Servicing, LLC

("Ocwen") serviced mortgage loans for lack of any valid basis to challenge the reliability of the evidence. Lastly, the Court should disregard Caito's claims concerning the total debt owed on the mortgage loan at issue in this case as a basis to strike any affidavit. In further support of their response to Caito's Motion to Strike, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 ("CitiBank, as Trustee") submits the following:

## II. LEGAL ARGUMENT

### A. *United States Bank Trust, N.A. v. Jones*, Cannot Exclude the Prudent Affidavit

In *United States Bank Trust, N.A. v. Jones*, 925 F.3d 534 (1st Cir. 2019), the First Circuit Court of Appeals affirmed the admission of a witness' testimony on the total amount owed under a mortgage loan under Fed. R. Evid. 803(b) and at trial of a judicial foreclosure action in Maine. Jones opposed the admission of the evidence on grounds that the testimony and exhibits failed to satisfy the business records exception to the hearsay rule, because the information and documents the witness relied upon included third-party records. *Id.* at 537-38. Specifically, the current servicer of Jones' account, Caliber Home Loans, Inc., relied upon records transferred from two other loan servicers, Seterus and Bank of America, whose records were integrated into Caliber's database. *Id.* at 537. Recognizing that the admissibility of evidence turns on the facts of each case,[1] the First Circuit decided that the records and testimony were sufficiently reliable based upon testimony discussing the integration of the third-party's business records into the Caliber database reviewed by the witness. *Id* at 537-38.

---

[1] "'[W]hether a third party's records…can be integrated into the records of the offering entity…for purposes of admission under the business records exception is not an issue upon which this circuit has reached a uniform conclusion' covering each instance." *U.S. Bank v. Jones*, 925 F.3d at 537 (quoting *United States v. Savarese*, 686 F.3d 1, 12 (1st Cir. 2012).

304078382V1 1010069

The underlying facts in *Jones* are readily distinguishable from the facts in this case to the denial of Caito's challenge. In *Jones*, the borrower obtained a loan from Downeast Mortgage Corporation, secured by a mortgage that was executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), which MERS, as nominee for Downeast, later assigned and transferred to Bank of America. 330 F.Supp.3d 530, 533 (D. Me. 2018). Bank of America subsequently assigned and transferred the mortgage loan to U.S. Bank, and Caliber Home Loans, Inc., as servicer for U.S. Bank, initiated foreclosure by noticing the borrower's default and right to cure. *Id.* The record in *Jones* demonstrated actual third-party transfers and sales of the mortgage loan, which necessitated not only integration of business records upon transfer but testimony and affirmation of such integration to admit the evidence under Federal Rule of Evidence 803(b). Here, no third-party transfer or sale of the mortgage occurred that would necessitate the integration of business records under *Jones*. Instead, CitiBank, as Trustee has owned the mortgage loan at least since the trust's close date of July 28, 2006. (Pooling and Servicing Agreement ("PSA"), **Exhibit 1** to Supplemental Affidavit of Sony Prudent.[2]) According to the PSA, American Home Mortgage Servicing, Inc., or its successor in interest, was named as servicer. (PSA at Definitions "Servicer.") CitiBank, as Trustee obtained title ownership of the mortgage on August 27, 2012, when MERS executed an assignment of the Caito mortgage as nominee for American Brokers Conduit. This is not a case where the foreclosing mortgagee must rely upon the prior business records of a predecessor mortgagee in order to produce a transaction history of the loan. Indeed, Caito's challenge is not focused on CitiBank, as Trustee's ongoing ownership of the mortgage loan, which negates any comparison of this case to the *Jones* decision.

---

[2] Due to the size of the PSA (at over 2,000 pages), CitiBank, as Trustee submits only excerpts of the agreement. On request, CitiBank, as Trustee can and will provide the Court with a complete copy.

304078382V1 1010069

Caito's challenge appears focused on the identity of mortgage loan servicers servicing the account as attorney-in-fact for CitiBank, as Trustee. Unlike *Jones*, however, no service transfer has occurred in this case. Instead, for the servicers identified in Caito's motion, all entities have been acquired and merged into PHH Mortgage Corporation. Specifically, American Home Mortgage Servicing, Inc. changed its name to Homeward Residential, Inc. ("Homeward") in 2012. (*See* AHMSI enters correspondent lending, changes name to Homeward Residential (Feb. 17, 2012) https://www.housingwire.com/articles/ahmsi-enters-correspondent-lending-changes-name-homeward-residential; *see also* Caito Memorandum of Law in Support of Motion to Strike, Doc No. 40-1 at p. 6.) In 2013, Ocwen Loan Servicing, LLC acquired Homeward. (*See* Jacob Gaffney, Ocwen buys Homeward Residential from WL Ross (Oct. 3, 2012) https://www.housingwire.com/articles/ocwen-buys-homeward-residential-wl-ross.) In 2019, Ocwen completed acquisition of PHH Mortgage Corporation. (*See* Jessica Guerin, Ocwen all but drops Ocwen name, will operate at PHH Mortgage and Liberty Home Equity Solutions (June 10, 2019) https://www.housingwire.com/articles/49301-ocwen-all-but-drops-ocwen-name-will-operate-as-phh-mortgage-and-liberty-home-equity-solutions.) The name change and two successive acquisitions did not cause any third-party transfer akin to what the First Circuit in *Jones* addressed in determining whether the mortgage loan servicer's business records were integrated to admit as evidence under Fed. R. Evid. 803(b). Understanding that the admission of evidence turns on the facts of each case, the facts of this case demonstrate the absence of any third-party transfer of information that would necessitate integration of business records.

**B. CitiBank, as Trustee can Cure any Concern the Court may have Following the First Circuit's Opinion in *United States Bank Trust, N.A. v. Jones***

Despite the inapplicability of the *Jones* decision to the facts and circumstances of this case, CitiBank, as Trustee can readily explain the course of records, transaction and account

304078382V1 1010069

management that enabled Sony Prudent to execute an affidavit in support of the summary judgment motion. The Supplemental Affidavit of Sony Prudent, attached to this memorandum as *Exhibit A*, provides sworn testimony to the course of mergers and acquisitions that now result in PHH Mortgage Corporation servicing the Caito loan:

1.    On or about February 2012, American Home Mortgage Servicing Inc. changed its named to Homeward Residential, Inc.

2.    On or about March 1, 2013, servicing of Caito's mortgage loan was transferred from Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") to Ocwen Loan Servicing, LLC.

3.    As part of Ocwen Financial Corporation's purchase and acquisition of Homeward on or about December 31, 2012, Ocwen Loan Servicing, LLC acquired the proprietary and business records of Homeward and AHMSI, which included records of Caito's account.

4.    PHH Mortgage Corporation merged with Ocwen Loan Servicing, LLC as June 1, 2019. On or about June 4, 2019, PHH provided notice of service transfer to Caito.

5.    As part of Ocwen Loan Servicing, LLC's merger with PHH Mortgage Corporation, the proprietary and business records of Homeward and AHMSI, and the proprietary and business records of Ocwen, all including Caito's account, were merged and combined into one entity.

Mr. Prudent's Supplemental Affidavit further demonstrates his responsibilities as a loan analyst in the review of the records of PHH, Ocwen, Homeward, and AHMSI including books and records for and relating to the Caito loan at issue in this litigation. (Ex. A at ¶¶ 7-8.) More specifically, Mr. Prudent has executed the affidavits at issue in this case based upon his personal knowledge regarding how all of these records are kept and maintained. (*Id.* at ¶ 8.) Finally, Mr. Prudent avers and informs that to the extent the business records or information related to the subject loan were created by or came from other entities, prior holders and/or prior services of the loan, those records were received by Homeward, by Ocewn, and by PHH in the ordinary course of business, have been incorporated into and maintained as part of PHH's own business

5

records in the regular course of business, and are kept and routinely relied upon by PHH as a regular business practice in the ordinary course of business. (*Id.* at ¶ 7.)

Whatever concerns or fears Caito might have regarding the ability of Sony Prudent to provide sworn testimony concerning the mortgage loan at issue in this case are entirely unfounded. Recognizing the misconceived opposition raised regarding the integration of business records concerning the Caito loan, the Supplemental Affidavit allays the concern, confirms the reliability of Mr. Prudent's prior affidavit statements, and should compel the Court to deny Caito's Motion to Strike.

**C. Caito's Remaining Arguments Raise No Viable Grounds to Strike the Prudent Affidavit**

Caito's submission of Consent Orders from the State of New York and the State of Rhode Island and complaints about the modification of her mortgage and the corresponding interest rate present no valid grounds to strike the Prudent Affidavit. At summary judgment, the admissibility of an affidavit requires (1) personal knowledge, (2) facts that would be admissible in evidence, and (3) an affirmative showing that the affiant is competent to testify to the matters. Fed. R. Civ. P. 56(c)(4); *see Garcia-Garcia v. Costco Wholesale Corp.*, 878 F.3d 4141, 417-18 (1st Cir. 2017) (First Circuit affirms admission of affidavits over plaintiff's objection on conclusion that the pleadings meet Rule 56(c)(4) standard). Here, the Prudent Affidavit is based upon his personal knowledge and review of PHH's systems and business records, Prudent presents facts and submits exhibits that are admissible, and Prudent provides an affirmative showing of his competence to testify. Caito's assertions regarding two consent orders entered into with two states cannot provide any basis to challenge the affiant's personal knowledge and competency to testify. Caito's arguments on the mortgage modification likewise cannot present any basis to challenge these three core requirements.

304078382V1 1010069

## III. CONCLUSION

For the reasons stated above, CitiBank, N.A., as Trustee for American Home Mortgage

Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 requests denial

of Caito's Motion to Strike.

Respectfully submitted,

CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE
ASSETS TRUST 2006-3, MORTGAGE
BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-3,

By Its Attorneys,


*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated:     July 29, 2019


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 29, 2019.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

304078382V1 1010069