## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3,<br><br>       Plaintiff,<br><br>v.<br><br>KATHERINE L. CAITO,<br><br>       Defendant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>       Interested Party. | C.A. No. 1:18-cv-00427-JJM |

### PLAINTIFF'S REPLY MEMORANDUM

### I. INTRODUCTION

CitiBank, as Trustee has previously addressed the majority of issues Defendant Katherine L. Caito ("Caito") raises in response to its motion for summary judgment through opposition to Caito's motion for summary judgment. CitiBank, as Trustee adopts and incorporates their responsive memorandum for this reply.[1] Moreover, the First Circuit's recent order vacating and

---

[1] CitiBank, as Trustee refers the Court to their Memorandum in Support of Objection to Katherine Caito's ("Defendant" or "Cairo") Summary Judgment Motion (Doc. No. 36) in response to:

1.      Defendant's argument on CitiBank, as Trustee's strict compliance with Paragraph 22 (Defendant's Memorandum of Law at Doc. 41-1, pp. 7-25), to which CitiBank, as Trustee responded. (CitiBank, as Trustee Memorandum of Law in Response, Doc. No. 36 at pp. 2-5 and 10-15.);

withdrawing the decision issued in *Thompson v. JPMorgan Chase* only confirms the lack of any binding precedent that case can provide here.

For those issues raised for the first time on reply, Caito continues to oppose CitiBank, as Trustee's demand for judicial foreclosure with unfounded assertions and theories that cannot demonstrate a genuine issue of material fact or deny CitiBank, as Trustee judgment as a matter of law. Defendant's argument that the Plaintiff in this case does not exist ignores basic trust law and the Pooling and Servicing Agreement that establishes the American Home Mortgage Assets Trust 2006-3. Defendant's charge that CitiBank, as Trustee has not referenced the mortgage modification agreement ignores the actual terms of the modification and relies upon inadmissible and unfounded calculations. Finally, Defendant's complaint against Korde & Associates presents no valid basis to challenge CitiBank, as Trustee's Notice of Default or the foreclosure.

## II. LEGAL ARGUMENT

### A. The First Circuit's Withdrawal of *Thompson* Demonstrates the Inapplicability of the Case to this Proceeding

Caito has argued at length that CitiBank, as Trustee's Notice of Default fails to comply with applicable law due to the First Circuit's decision in *Thompson v. JPMorgan Chase Bank*, 915 F.3d 801 (1st Cir. 2019). On July 29, 2019, the First Circuit issued an order in response to

---

2.      Defendant's argument on CitiBank, as Trustee's affidavit of Sony Prudent (Defendant's Memorandum of Law at Doc. 41-1, pp. 26-33) is duplicative of Caito's Memorandum of Law in Support of Motion to Strike, to which CitiBank, as Trustee has separately responded. (Doc. No. 47.);

3.      Defendant's argument on CitiBank, as Trustee's costs and fees assessed against Defendant's mortgage loan account. (Defendant's Memorandum of Law, Doc. 41-1, pp. 33, 36-38), to which CitiBank, as Trustee has responded. (CitiBank, as Trustee Memorandum of Law in Response, Doc. No. 36 at pp. 5-10.)

4.      Defendant's argument particular to the First Circuit's decision in *Thompson v. JPMorgan Chase Bank* (Defendant's Memorandum of Law, Doc. 41-1, pp. 39-43), to which CitiBank, as Trustee has responded. (CitiBank, as Trustee Memorandum of Law in Response, Doc. No. 36 at pp. 10-15.)

5.      Defendant's argument regarding acceleration of the note (Defendant's Memorandum of Law, Doc. 41-1, pp. 43-44), to which CitiBank, as Trustee has responded. (CitiBank, as Trustee Memorandum of Law in Response, Doc. No. 36 at p. 15.)

304097862V1 1010069

JPMorgan Chase Bank's Petition for Rehearing, which withdraws the Court's earlier opinion, vacates the judgment, and certifies a question to the Massachusetts Supreme Judicial Court ("SJC"). *Thompson v. JPMorgan Chase, N.A.*, No. 18-1559, 2019 U.S. App. LEXIS 22508 (1st Cir. July 29, 2019). In doing so, the Court noted that Chase's petition argued for the first time that a Massachusetts state banking regulation, 209 C.M.R. § 56.04, required the additional language which the Court found to be deceptive. *Id.* at *3. In addition, the Court recognized that Chase raised issue with their interpretation of *Pinti v. Emigrant*, 472 Mass. 226 (2015) and other SJC precedents, and commented that "[t]his court in a diversity action cannot properly overturn governing state precedent, but the SJC on certification is not thus limited." *Id.* at * 4.

In *Thompson*, The First Circuit certified the following question to the SJC:

Did the statement in the August 12, 2016, default and acceleration notice that "you can still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place" render the notice inaccurate or deceptive in a manner that renders the subsequent foreclosure sale void under Massachusetts law?

2019 U.S. App. LEXIS 22508 at *4. The Court proceeded to "welcome any additional observations about relevant Massachusetts law that the SJC may deem helpful." *Id.* The Massachusetts Supreme Judicial Court rules permit the SJC to answer questions of law certified from the federal courts, which may be determinative of the case and as to which it appears that that there is no controlling precedent. ALM Sup. Jud. Ct. Rule 1:03. The certified question must involve a novel or unsettled question of Massachusetts law. *See United States Steel v. M. DeMatteo Constr. Co.*, 315 F.3d 43, 53 (1st Cir. 2002) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 40 L.Ed. 2d 215, 94 S.Ct. 1741 (1974)).

The First Circuit's decision to vacate *Thompson* in its entirety as a response to Chase's petition for hearing, the Court's certification of question to the Massachusetts SJC, and the request for analysis of a novel issue of Massachusetts law only confirm CitiBank, as Trustee's

argument and position that *Thompson* cannot apply to Rhode Island law. Indeed, the decision no longer serves as reliable precedent in Massachusetts with the First Circuit having withdrawn the opinion and vacated judgment. CitiBank, as Trustee has previously argued that the *Thompson* decision cannot apply for the very fact that the case relies upon Massachusetts law, and specifically the Massachusetts Code of Regulations' disclosures.[2] The First Circuit's most recent order not only confirms CitiBank, as Trustee's prior arguments but withdraws and vacates the precedent Caito relies upon in this case.

### B. Defendant Presents No Viable Basis to Challenge CitiBank, as Trustee's Existence

Caito refuses to believe the existence of the entity pursuing foreclosure. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Doc. No. 41-1 at pp. 2-3.) Caito previously acknowledged that CitiBank, as Trustee owned her mortgage loan but now seeks to reverse course to avoid foreclosure. While Caito concedes the particular trust into the mortgage loan was deposited, American Home Mortgage Assets Trust 2006-3, she questions how CitiBank can pursue this claim. Caito ignores that the trustee to a trust is the party who pursues proceedings on behalf of the trust and its beneficiaries against a third-party. *See e.g.*, *Glassie v. Doucette*, 157 A.3d 1092, 1099-1100 (R.I. 2017) (citing *Restatement (Third) Trusts §107* (2012)). Caito has no legal basis to challenge the ability or authority of a trustee to act or operate on behalf of a trust.

Caito also ignores the Pooling and Servicing Agreement ("PSA") that governs the trust into which her mortgage loan was deposited.[3] The PSA defined, named and identified CitiBank

---

[2] It is interesting to note that while the First Circuit finds Chase's argument that precise language is required under 209 C.M.R. 56.04 "debatable," the CMR actually demands "strict conformity" to the language in question.
[3] This Court previously decided that Caito lacked standing to challenge the terms of the Pooling and Servicing Agreement because she was not party to the agreement. *Caito v. Mortgage Elec. Registration Sys.*, C.A. No. 13-429,

as Trustee to the trust and in doing so authorizes and appoints CitiBank as the trustee to pursue this action. (*Exhibit 1* to Affidavit of Sony Prudent, Doc. No. 47-2.[4]) The PSA required assignment of Caito's mortgage to CitiBank, as Trustee for American Home Mortgage Assets LLC, Mortgaged-Backed Pass-Through Certificates, Series 2006-3. (*Id.* at §2.01.) The Assignment of the Caito mortgage grants, assigns, transfers and sets over unto CitiBank, N.A., as Trustee for American Home Mortgage Assets Trust2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3. (Assignment of Mortgage, Ex. C to CitiBank, as Trustee's Amended Complaint.) These undisputed facts meet CitiBank, as Trustee's burden of proof to establish not only standing to sue, but more importantly that CitiBank is authorized to act on the behalf of the trust and that CitiBank, as Trustee is the holder of Plaintiff's mortgage.

### C. Caito Presents no Evidence to Challenge the Mortgage Loan Accounting

Caito challenges summary judgment by arguing that CitiBank, as Trustee, failed to account for a modification in the mortgage loan in pursuing judicial foreclosure. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Doc. No. 41-1 at pp. 3-7.) Review of the Mortgage Modification Agreement, however, demonstrates that the agreement did not in any way alter the terms and conditions of the mortgage (the obligation to make monthly

---

2015 U.S. Dist. LEXIS 96820 (D.R.I. July 21, 2015). CitiBank, as Trustee refers to excerpts from the PSA to demonstrate that absence of genuine issue or legal claim Caito presents in this argument.

[4] The PSA is a regularly filed document with the Securities and Exchange Commission for which the Court can also take judicial notice. USCS Fed Rules Evid. R 201; *see also Lindsay v. Wells Fargo Bank, N.A.*, C.A. No. 12-11714, 2013 U.S. Dist. LEXIS 129694, *5-*6 (D. Mass. June 14, 2013) (This court takes  [*6] judicial notice of the prospectus which is located on the Securities and Exchange Commission's website. http://www.sec.gov/Archives/edgar/data/1381946/000114420406053059/v060506_424b5.htm; see Policemen's Annuity and Benefit Fund of City of Chicago v. Bank of America, NA, 907 F. Supp. 2d 536, 2012 WL 6062544, at *9 n.14 (S.D.N.Y. 2012) ("[a]ll Prospectus Supplements, other than that for 2006-AR16, were obtained on the SEC's website, http://www.sec.gov, and the Court takes judicial notice of them"); Maine State Ret. Sys. v. Countrywide Fin. Corp., 2011 U.S. Dist. LEXIS 125203, 2011 WL 4389689, at *5 n.15 (C.D.Cal. May 5, 2011) ("court may take judicial notice of SEC filings on a motion to dismiss" including "prospectus supplements"); see also Pascal v. JP Morgan Chase Bank, Nat. Ass'n, 2013 U.S. Dist. LEXIS 33350, 2013 WL 878588, at *4 n.4 (S.D.N.Y. March 11, 2013) (taking "judicial notice of the [Purchase and Assumption] Agreement, as it is publicly available through the FDIC's website").")

payments, events of default, Paragraph 22 notices, acceleration and foreclosure) and instead only substitutes the appropriate adjustable rate rider to be used and calculated on the loan. The Mortgage Modification Agreement provides that the Note and Deed of Trust were modified "as follows: 1. Record the correct Arm Rider that should have been recorded with original Deed of Trust." (Doc. 41-9 at p. 2.) Moreover, the Mortgage Modification Agreement further provides:

> Nothing herein contained shall in any manner whatsoever alter, amend, modify or change any other terms or conditions of the above referenced Note and Deed of Trust except as to the Modification described above, nor shall any of the rights of the BENEFICIARY thereunder be specifically prejudiced by reason of the Modification; all rights of the BENEFICIARY shall be and shall remain in full force and effect as though this Modification had been originally specified in the original Note and Deed of Trust.

(*Id.*) The Mortgage Modification Agreement does not alter any part of the Caito mortgage beyond providing the accurate Adjustable Rate Rider, and the Court should not qualify Caito's assertion here as grounds to oppose CitiBank, as Trustee's pursuit of judicial foreclosure.

Despite the fact that CitiBank, as Trustee has submitted into evidence a Notice of Default and Payment Reconciliation History in support of the total debt owed in pursuit of this judicial foreclosure action, Caito refuses to understand or believe that she owes the debt. To do so, Caito offers analyses and opinions of the debt she owes without any admissible support evidence. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Doc. No. 41-1 at pp. 5-7.) As a general matter, only evidence that would be admissible at trial may be considered on summary judgment. *Garside v. Osco Drug, Inc.*, 895 F.3d 46, 49-51 (1st Cir. 1990). Federal Rule of Civil Procedure 56(c) permits the submission of pleadings, the discovery and disclosure materials on file, and any affidavits in order to determine if there exists a genuine issue of material fact and if the movant is entitled to judgment as a matter of law. Rule 56(c)(4) permits the submission of affidavits supporting or opposing a summary judgment motion as long as the affidavit presents facts that would be admissible in evidence. *Casa Office Machines, Inc.*

*v. MTA Copystar America, Inc.*, 42 F.3d 668, 681 (1st Cir. 1995). The party opposing summary judgment cannot expect the court to consider averments that are not based upon personal knowledge or those in a form that are patently inadmissible at trial. *Garside v. Osco Drug*, 895 F.2d at 49.

Here, Caito has assembled <u>her</u> interpretation of the mortgage loan terms, has performed what appear to be calculations on the mortgage loan interest rates and then presents the Court with her opinion on what she owes on the loan. Caito appears to offer an opinion on the total debt owed without providing affidavit or any other form of admissible evidence to support the conclusions she has reached on the debt owed much less to demonstrate that she is in any way qualified to present these calculations. Caito presents no evidence that she, or her counsel, are qualified or competent to present these calculations to the Court in order to demonstrate a genuine issue of material fact, and the Court cannot consider these conclusory statements as a means of disputing CitiBank, as Trustee's payment reconciliation history.

Caito proceeds to challenge CitiBank, as Trustee's affidavit on the actual amount owed because CitiBank, as Trustee refers to the amount as an approximation. The reason CitiBank, as Trustee can only provide an approximation of the total debt owed at each instance in which the judicial foreclosure action proceeds is that interest, costs, fees and expenses continue to accrue on the loan balance. Moreover, and as pleaded in the Amended Complaint for Judicial Foreclosure and in CitiBank, as Trustee's motion for summary judgment, the present relief CitiBank, as Trustee seeks is court approval to notice and conduct a foreclosure sale under court oversight. Any questions Caito may raise concerning the account itself can be easily resolved through an accounting following the Court's order to foreclose. The summary judgment order that CitiBank, as Trustee pursues anticipates that CitiBank, as Trustee will return to the Court

following the auction with a breakdown of all costs, fees and expenses (including the costs and fees to litigate this matter) as a final accounting of the debt owed and for approval of this judicial foreclosure sale.

### D. Caito Presents No Further Valid Basis to Challenge Costs, Fees and Expenses

Caito presents a further challenge to fees owed by arguing that Korde & Associates, P.C. was not licensed to practice law in the State of Rhode Island. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Doc. No. 41-1 at pp. 34-36.) Caito does not dispute that the acceleration letters or Notice of Sale were in fact generated and sent. Instead, Caito first assumes that she has the authority to enforce Korde & Associates, P.C.'s registration with the State of Rhode Island, when the Rhode Island Supreme Court alone is vested with the authority to license attorneys, to regulate the admission of attorneys to practice in the courts of this state, and to regular and control the practice of law. *In re Rhode Island Bar Ass'n*, 106 R.I. 752, 754-55, 263 A.2d 692 (1970). Caito also assumes that Korde & Associates, P.C., as well as its attorneys, were in fact prohibited by the Rhode Island Supreme Court from practicing law during the relevant period of time and provides no evidence in support of her assumption. Finally, Caito claims that any assertion by CitiBank, as Trustee that Korde & Associates, P.C. was counsel or their agent is "not true…since it was not authorize to practice law in Rhode Island until March 16, 2017." Neither Caito, nor her counsel, have the authority to reach this conclusion on their own, Caito presents no evidence to demonstrate the Rhode Island Supreme Court's action with respect to Korde & Associates, and the Court should disregard the argument. This latest argument is yet another attempt by Caito to avoid fees CitiBank, as Trustee has incurred in pursuit of foreclosure against her on a mortgage loan she defaulted and through which she agreed to reimburse the costs, fees and expenses incurred.

304097862V1 1010069

Finally, Caito submits an argument and affidavit concerning the title search fees charged to the account. (Memorandum of Law in Support of Defendant's Motion for Summary Judgment, Doc. No. 41-1 at pp. 37-38.) Once again, Caito is upset with the particular amount of the charge. CitiBank, as Trustee has provided the payment reconciliation history to demonstrate the charge incurred on the account. Caito has not provided any evidence to challenge the charge or to prove that the title search was not performed. Instead, Caito is relying upon an affidavit to claim that the charge was unreasonable. This type of argument cannot present any basis to object to the validity of the Notice of Default through which CitiBank, as Trustee disclosed the total costs and fees owed, nor can this argument present a viable challenge to foreclosure. As previously briefed, there is no dispute Caito obtained the loan at issue in this case, granted a mortgage as security for repayment of the debt, and agreed that CitiBank, as Trustee's fees charged to protect their interest in the property may be charged to Caito under the terms of the mortgage. This is precisely what occurred here, and Caito has no basis to refuse foreclosure following her default on the grounds that she disapproves of the amount CitiBank, as Trustee was charged for a title search.

### III. CONCLUSION

For the reasons stated above, for the reasons stated in their Motion for Summary Judgment, and based upon the evidence provided and response to Defendant Katherine L. Caito's Statement of Undisputed Facts, CitiBank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 requests entry of judgment in their favor.

304097862V1 1010069

Respectfully submitted,

CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE
ASSETS TRUST 2006-3, MORTGAGE
BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-3,

By Its Attorneys,


/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated:   August 27, 2019


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 27, 2019.

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha

304097862V1 1010069