UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3, | |
| Plaintiff, | |
| v. | C.A. No. 1:18-cv-00427-JJM |
| KATHERINE L. CAITO, | |
| Defendant, | |
| v. | |
| INTERNAL REVENUE SERVICE, | |
| Interested Party. | |

**PLAINTIFF CITIBANK, N.A., AS TRUSTEE'S RESPONSE TO DEFENDANT
KATHERINE L. CAITO'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
HER OPPOSITION TO SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and DRI LR 56, Plaintiff, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 ("Citibank, as Trustee"), responds to Defendant Katherine L. Caito's ("Defendant") Statement of Undisputed Facts (Doc. No. 43) as follows:

1. Paragraph 22 of Defendant's mortgage states in part:

   **Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform**

Borrower of the right to reinstate after acceleration and the right to bring court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

**RESPONSE: CitiBank, as Trustee does not dispute this fact.**

2.      Lender did not provide such a notice.

**RESPONSE: This statement is immaterial to adjudication of CitiBank as Trustee's authority to foreclose because Ocwen Loan Servicing, LLC ("Ocwen") issued the Notice of Default to Defendant by Power of Attorney for CitiBank, as Trustee. *See Exhibit A* to CitiBank, as Trustee's Memorandum of Law in Response to Defendant's Summary Judgment Motion. *See also 252 Wolfrock Rd. Realty Redemption Co. v. Wells Fargo Bank N.A.*, C.A. No. 16-126M, 2016 U.S. Dist. LEXIS 9191 at \*3-\*4 (D.R.I. July 11, 2016); *Breggia v. Mortg. Elec. Regis. Sys., Inc.*, 102 A.3d 636, 641 (R.I. 2014); and *Ingram v. Mortg. Elec. Regis. Sys., Inc.*, 94 A.3d 523, 529 (R.I. 2014).**

3.      The notice provided to Defendant made no reference to the Lender nor CitiBank as Trustee.

**RESPONSE: For the reasons stated in response to Defendant's Statement of Undisputed Fact No. 2, this statement is immaterial.**

4.      The May 11, 2018 notice did not accurately state the amount of the arrearage on the mortgage.

**RESPONSE: Denied. *See Exhibit A* to Affidavit of Sony Prudent, Doc. No. 31-4 at pp. 2-3.**

5.      The May 11, 2018 notice did not advise the Defendant that she could reinstatement after acceleration only until five days before the sale.

**RESPONSE: This statement of fact is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because Paragraph 22 does not require this disclosure. *Martins v. Fed. Hous. Fin. Agency*, 214 F.Supp.3d 163, 169-70 (D.R.I. 2916).**

6.      The May 11, 2018 notice did not specify a particular date at least thirty days after the notice was deposited in the United States mail to cure the arrearage.

**RESPONSE: This statement is immaterial to the extent Defendant refers to the date the Notice of Default of was "deposited in the United States mail" because Paragraph 22 of Defendant's Mortgage requires "a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured." *See* Mortgage, *Exhibit B* to Amended Complaint.**

7.      The May 11, 2018 notice required that the arrearage be paid by certified funds.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because no part of the Mortgage prohibits the Lender from**

304097574V1 1010069

**demanding payment in certified funds as part of the Defendant's action required to cure the default.**

8.      The mortgage did not require that any arrearage be paid by certified funds.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because no part of the Mortgage prohibits the Lender from demanding payment in certified funds as part of the Defendant's action required to cure the default.**

9.      The Defendant has never sent or provided any lender or mortgage or loan servicer a mortgage payment check with insufficient funds to pay the mortgage, which was return unpaid.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because CitiBank, as Trustee's demand for certified funds is not contingent upon returning an insufficient check to Defendant. Moreover, the Defendant has not made a mortgage loan payment since May of 2012.** *See* **CitiBank, as Trustee's Statement of Undisputed Fact No. 6, Doc. No. 21-2 at p. 2.**

10.     The Defendant was never advised by any lender or mortgagee or loan servicer that a check had been returned for nonpayment and that as a result all payments had to be paid by (a) cash; (b) money order; (c) certified check, bank check, treasurer's check, provided any such check is drawn upon and institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because CitiBank, as Trustee's demand for certified funds is not contingent upon return of check for non-payment. Moreover, the Defendant has not made a mortgage loan payment since May of 2012.** *See* **CitiBank, as Trustee's Statement of Undisputed Fact No. 6, Doc. No. 21-2 at p. 2. CitiBank, as Trustee advised the Defendant that cure of the default would require a payment made by certified funds.** *See* **Notice of Default,** *Exhibit D* **to Amended Complaint.**

11.     There is no trust with the name American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates, Series 2006-3.

**RESPONSE: Denied based upon (a) Assignment of Mortgage attached as** *Exhibit C* **to CitiBank, as Trustee's Amended Complaint, (b) July 1, 2006 Pooling and Servicing Agreement for American Home Mortgage Assets LLC Mortgage-Backed Pass-Through Certificates series 2006-3 excerpts of which are attached hereto as** *Exhibit 1*, **and (c) the Limited Power of Attorney attached as Exhibit A to CitiBank, as Trustee's Memorandum of Law in Response to Caito's Summary Judgement Motion.**

12.     Ocwen Loan Servicing, LLC has admitted that its system or record, RealSphere was not accurate.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because CitiBank, as Trustee has provided an authenticated copy of the present accounting and transaction history of debt Caito owes for this loan.**

13.   The Defendant's note and mortgage were modified by a Mortgage Modification Agreement which changed the interest rate on the mortgage.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose. The Modification Agreement Caito appends does not modify any term of the Mortgage that would impact or affect CitiBank, as Trustee's authority to foreclose. The sole purpose of the Mortgage Modification Agreement (according to the terms of the document itself) was to record the correct Arm Rider that should have been recorded with the original mortgage.**

14.   The rate calculated by Ocwen for the Defendant was not the rate set by the Mortgage Modification Agreement.

**RESPONSE: Denied.** *See* **Transaction History attached as** *Exhibit A* **to the Affidavit of Sony Prudent in Support of CitiBank, as Trustee's Summary Judgment Motion.**

15.   The prior purported default letter dated October 30, 2015 was deposited in the US mail on October 31, 2015.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because CitiBank, as Trustee has provided undisputed evidence in support of their contractual right to foreclose and because Defendant has previously released, settled and waived any and all claims prior to September of 2016.**

16.   Korde & Associates, P.C. was not licensed to practice law on October 30, 2015 or October 31, 2015 in Rhode Island.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because CitiBank, as Trustee has provided undisputed evidence in support of their contractual right to foreclose, and because Defendant previously released, settled and waived any and all claims prior to September of 2016.**

17.   Korde & Associates, P.C. and Shane Costa was not the agent for Ocwen or Citibank on October 30, 2015 or October 31, 2015 in Rhode Island.

**RESPONSE: This statement is immaterial to adjudication of CitiBank, as Trustee's authority to foreclose because CitiBank, as Trustee has provided undisputed evidence in support of their contractual right to foreclose, and because Defendant has previously released, settled and waived any and all claims prior to September of 2016.**

304097574V1 1010069

Respectfully submitted,

CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE
ASSETS TRUST 2006-3, MORTGAGE
BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-3,

By Its Attorneys,


/s/ Samuel C. Bodurtha
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated:   August 27, 2019


## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 27, 2019.

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha

304097574V1 1010069