UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KATHERINE L. CAITO,<br><br>　　　　　Defendant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　　Interested Party. | C.A. No. 1:18-cv-00427-JJM |

## JUDGMENT

In light of Summary Judgment having been entered in favor of the Plaintiff, Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage Backed Pass-Through Certificates Series 2006-3 ("Plaintiff"), against the Defendant, Katherine L. Caito ("Defendant"),

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.　　Plaintiff is the current holder of that certain promissory note given by Defendant to American Brokers Conduit ("ABC") in the original principal amount of $4,500,000 dated June 6, 2006 (the "Note").

2.　　Plaintiff is the current owner of the mortgage given by Defendant to ABC in the original principal amount of $4,500,000 dated June 6, 2006 and recorded in the Town of

Westerly Land Evidence Records on June 12, 2006 at Book 1541, Page 252 (the "Mortgage") by virtue of an assignment of said Mortgage by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for ABC, to the Plaintiff recorded with said Land Evidence Records on October 9, 2012 at Book 1932, Page 724.

3. The Mortgage encumbers the real estate known as 16 Yosemite Valley Road, Westerly, Rhode Island (the "Property")

4. The Note is in default as the Defendant, Katherine L. Caito, has not maintained monthly payments to PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing, LLC, as loan servicer for the Plaintiff, in accordance with the requirements of the Note and the Mortgage.

5. Plaintiff is hereby authorized to conduct a public sale of the Property pursuant to his Judgment and the default remedies provided in the Note and Mortgage including, without limitation, paragraph 22 of the Mortgage.

6. The public sale shall be conducted no more than 120 days from the date of this Judgment except as otherwise ordered, modified or extended by the Court with Plaintiff publishing and giving notice of such sale to such persons and in such manner as provided for in R.I. Gen. Laws §34-27-4(a) and 4(b) respectively.

7. Plaintiff is authorized to credit bid at such public sale up to the amount of the total indebtedness due under the Note and Mortgage as of the date of sale including its attorneys' fees and costs incurred in this action and in conducting such sale.

8. Plaintiff shall, within 120 days of such public sale, file a motion with this Court for approval of such sale with such motion to include proof of publication and mailing in a manner consistent with the requirements of said §34-27-4(a) and 4(b), auctioneer's report or

affidavit of sale and copy of executed foreclosure deed conveying title to the high bidder (or if such high bidder fails to perform in accordance with the Plaintiff's Memorandum of Sale signed by such high bidder at the sale, then to the penultimate high bidder) at such sale. Such foreclosure deed shall not be deemed to have been delivered to the grantee named therein and Plaintiff shall not present the foreclosure deed to the Land Evidence Records for recording until this Court issues an order approving such sale.

9. Plaintiff's public sale of the Property in a manner consistent with the requirements of R.I. gen. Laws §34-27-4(a) and 4(b) and execution and recording of the foreclosure deed relative to such sale running in favor of the successful high bidder (or penultimate high bidder as provided in the Plaintiff's Memorandum of Sale) shall convey title to the Property to such high bidder or penultimate high bidder forever free and clear of all liens, mortgages, encumbrances, rights of redemption and any other right, title or interest held or claimed by the Defendant and any other person or entity who records or who has recorded an interest in or a lien against the Property.

10. This judgment shall be effective against the Defendant and against all persons or entities, if any, who record or have recorded an interest in or lien against the Property.

11. The foreclosure sale and Plaintiff's delivery of a foreclosure deed to the successful high bidder at such public sale shall extinguish all right, title, interest, lien, mortgage or claim of the Defendant to this action and of any other person or entity who records or who has recorded a lien or interest in the Property.

ENTER: /s/ *[signature]* 1/27/20
Presiding Justice

BY ORDER OF:
*[signature]* Barbara Barletta
Clerk

PROPOSED BY:

CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE
ASSETS TRUST 2006-3,
MORTGAGE BACKED PASS-
THROUGH CERTIFICATES SERIES
2006-3,

By Its Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
Email: sbodurtha@hinshawlaw.com

Dated:   January 27, 2020

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 27, 2020.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha

1010069\304981581.V1